FRANK AMON et al., Appellants and Respondents, *v.* JOSEPH V. MORESCHI, Individually and as President of International Hod Carriers', Building and Common Laborers' Union of America, et al., Respondents and Appellants, et al., Defendants.

Argued February 24, 1947; decided May 22, 1947.

*Hyman N. Glickstein* and *Daniel W. Meyer* for plaintiffs, appellants and respondents. I. The application of section 229-b of the Civil Practice Act to the service of process upon the International and upon Moreschi individually is clearly constitutional. Accordingly, strong and compelling public policy favors a construction of that section sustaining its applicability to this case. (*Pope* v. *Terre Haute Car & Mfg. Co.*, 87 N. Y. 137; *Bagdon* v. *Phil. & Reading C. & I. Co.*, 217 N. Y. 432; *Dollar Co.* v. *Canadian C. & F. Co.*, 220 N. Y. 270; *Hess* v. *Pawloski*, 274 U. S. 352; *Shushereba* v. *Ames*, 255 N. Y. 490; *Doherty & Co.* v. *Goodman*, 294 U. S. 623; *International Shoe Co.* v. *Washington*, 326 U. S. 310.) II. Section 229-b of the Civil Practice Act is applicable to the defendant International and service of process on such defendant was properly sustained pursuant to the provisions of that section. (*Ostrom* v. *Greene*, 161 N. Y. 353.)

III. The person served with process was, at the time of such service, the person in charge of business in which defendant International was engaged in this State. IV. Plaintiffs have complied with the procedural provisions of section 229-b. V. If defendant International Union is viewed as an entity, rather than as an aggregation of individual persons, service upon it was valid and effective as service upon a foreign corporation, pursuant to section 229 of the Civil Practice Act. (*Busby* v. *Electric Utilities Employees Union,* 147 F. 2d 865; *Matter of Rathbone,* 170 Misc. 1030, 262 App. Div. 706, 287 N. Y. 708; *Matter of Idem,* 256 App. Div. 124, 280 N. Y. 756; *Congregational Unitarian Soc.* v. *Hale,* 29 App. Div. 396.) VI. Defendant Moreschi, individually, was duly and validly served in this action pursuant to the provisions of section 229-b of the Civil Practice Act.

*Edmond B. Butler, Edward T. Galloway* and *Joseph E. Swierzbinski* for International Hod Carriers', Building and Common Laborers' Union of America, appellant, and Joseph V. Moreschi, respondent, appearing specially. I. The International, a voluntary association consisting of approximately 181,000 members, is not a natural person or persons. (*Hagan* v. *Bricklayers' Union of Syracuse,* 143 Misc. 591; *Salitra* v. *Borson,* 127 Misc. 173.) II. The alleged causes of action did not arise out of the " business ", if any, which was conducted by the International within the State of New York. (*Interchemical Corp.* v. *Mirabelli,* 269 App. Div. 224.) III. Respondent Moreschi, individually, not being engaged in business as an individual, either within or without the State of New York, is immune from process under such section and the attempted service was void. IV. Whether or not the International is suable as such, the service was still void. V. Upon the record, the attempted service of process on appellant International was invalid.

*Per Curiam.* This case calls upon us for a construction of the following provision of section 229-b of the Civil Practice Act: " When any natural person or persons not residing in this state shall engage in business in this state, in any action against such person or persons arising out of such business, the summons may be served by leaving a copy thereof with the

complaint with the person who, at the time of service, is in charge of any business in which the defendant or defendants are engaged within this state * * *." Whether the phrase " any natural person or persons ", as so used in section 229-b, includes an unincorporated association is the first question to be determined.

Section 229-b does not stand alone. It is part of article 25 of the Civil Practice Act in which sections 218–235 are grouped under the heading " Summons ". Section 225 regulates " Personal service of summons upon a natural person." Section 230 deals with orders for substituted service of a summons upon an " unincorporated association having a president or treasurer residing within the state, or a natural person residing within the state ". Section 231 fixes the manner of making substituted service of a summons upon an " unincorporated association " or " a natural person ". Section 232-a, which lists the persons against whom an order for service of a summons by publication may be made, is divided into eleven subdivisions. Subdivision 2 has reference to an " unincorporated association having a president and treasurer neither of whom is a resident of this state ", while subdivision 5 is concerned with a party who " is a natural person and is not a resident of the state ". Thus in article 25 of the Civil Practice Act, the Legislature at every turn has discriminated an " unincorporated association " from " a natural person " for the purposes of a statutory systematizing of the matter of service of a summons. In the face of that structure of article 25, we cannot assume that the phrase " any natural person or persons ", as used in section 229-b, was meant to be so drawn out that it would cover unincorporated associations.

The present action was brought against " JOSEPH V. MORESCHI, individually and as President of International Hod Carriers', Building and Common Laborers' Union of America, and INTERNATIONAL HOD CARRIERS', BUILDING AND COMMON LABORERS' UNION OF AMERICA ". The defendant International Union is an unincorporated association. Service of the summons upon the defendant Moreschi as its president (see General Associations Law, § 13) and upon the defendant Moreschi individually was made in accordance with section 229-b of the Civil Practice

Act. Both defendants appeared specially and moved to vacate such service. In the courts below, the motion made by the defendant Moreschi individually was granted and the motion made by the defendant International Union was denied. The case is now here upon cross appeals.

On their appeal, the plaintiffs submit, among others, the following question certified: "5. Upon the record herein, was the service of process upon the defendant Joseph V. Moreschi, individually, valid?" We answer "No", since the courts below have found that the defendant Moreschi was not engaged in business in this State in his individual capacity and we cannot declare the contrary of that finding as matter of law.

On the appeal of the defendant International Union, that defendant submits, among others, the following questions certified: "(1) Was the International Hod Carriers', Building and Common Laborers' Union of America a natural person or persons within the meaning of Section 229-b of the Civil Practice Act, and was it intended to be included within the provisions of Section 229-b of the Civil Practice Act?" "(9) Upon the record was the attempted service of process on Joseph V. Moreschi as President of the International Hod Carriers', Building and Common Laborers' Union of America, and the International Hod Carriers', Building and Common Laborers' Union of America valid?" Disagreeing with the courts below, we answer "No" to both questions, because, as we have tried to show, section 229-b of the Civil Practice Act was not intended to have application to actions against unincorporated associations.

On the plaintiffs' appeal: The orders so far as appealed from should be affirmed, with costs; the fifth question certified is answered in the negative; the other questions certified are not answered.

On the appeal of the defendant International Union: The orders so far as appealed from should be reversed and the motion of the defendant International Union should be granted, with costs; the first and ninth questions certified are answered in the negative; the other questions certified are not answered.

LOUGHRAN, Ch. J., LEWIS, CONWAY, DESMOND, THACHER, DYE and FULD, JJ., concur.

Ordered accordingly.