## DAILY REVIEW CORPORATION v. INTERNATIONAL TYPOGRAPHICAL UNION et al.

Civ. No. 8698.

United States District Court
E. D. New York.

June 13, 1949.

Godfrey P. Schmidt, New York City, for plaintiff.

Alan F. Perl, New York City, appearing specially for defendant International Typographical Union.

INCH, Chief Judge.

Reargument of the original motion to set aside service of process.

The reargument is limited to the alleged service upon the defendant, the International Typographical Union. Plaintiff had sued both of the above-named defendants, pursuant to the Labor Management Relations Act of 1947 (known as the Taft-Hartley Act), 29 U.S.C.A. Sections 141–197.

The defendant Typographical Union No. 915, is a Local situated in Nassau County, State of New York, and it was properly served by process upon John J. Byrnes, its president. However, a summons was also served upon the other defendant, International Typographical Union, in the State of Indiana, at the principal office of said defendant in that State.

When the original motion to set aside was argued before me, it appeared to me, by fair inference from the affidavit submitted, that service had been duly made upon both defendants within this State. It now appears on this motion to reargue, which I have granted, that such inference was based upon a misapprehension of what actually took place. The rules of Federal Procedure limit service of process, so as to give this Court jurisdiction, to the territorial limits of the state in which the Court is held, except where a statute of the United States provides otherwise. Federal Rules of Civil Procedure, rule 4(f), 28 U.S.C.A.

I see nothing in the Taft-Hartley Act which extends such jurisdiction beyond the territorial limits of this State. Said Act does provide that organizations, such as the defendants, although they reside outside the state, may, in certain cases, be (found) for the purpose of service and giving jurisdiction within this state, if process is served upon an officer or an agent of such defendant organization within the state.

It seems to me that in this way a foreign corporation or organization may be brought within the jurisdiction of this Court, provided service is made upon an officer or agent within this State. It would appear that the plaintiff at first thought it must serve the Local Union within this State, and that it also could serve defendant, International, in Indiana. The plaintiff now claims that if such service in Indiana is held insufficient to give this Court jurisdiction over the International, nevertheless jurisdiction had in fact been given to this Court on the theory that this Local Union in New York was a subordinate member of the International, that the International completely dominates all its subordinate unions, and that the president of this defendant Local Union, or possibly the Local Union itself, was an officer or an agent of the defendant International, located within this State.

The entity of both defendants cannot be so completely lost sight of. There may be some instances where the Local becomes an agent, or one of its officers, may likewise be an officer of the other. This is not such a case, at least on the proof now submitted. Accordingly, there has been no valid service of process within this State upon the defendant, International, and this Court has, at present, acquired no jurisdiction of such defendant. There has been no ratification by the International of this service on the Local. On the other hand, it has promptly appeared specially and objected to such attempted service.

Jurisdiction is a most important step at the outset of every litigation in this Court, and should be promptly decided in order to save time, delay and expense in litigation where the Court may finally be found to have had no jurisdiction in the first place.

In the absence of clear proof that Byrnes, the president of the defendant Local, was also an authorized agent of the International, or an officer thereof, I do not agree that his mere official capacity in this defendant Local made him an agent of the International, or that the defendant Local itself, was such an agent authorized, or considered to be a representative of the defendant International within this State, so as to make service upon it a service upon the defendant International. Thus, the motion on reargument as to service on the International must be granted and such service is set aside.

This decision is subject to the right of plaintiff within a reasonable time hereafter, to apply to this Court for a setting aside of the order herein to be entered by showing that, as a matter of fact, either Byrnes was an officer or agent of some sort of the International, or that the Local was a qualified agent within this State of the International. In the meantime, the suit will have to proceed against the defendant Local only.