ISBRANDTSEN CO., Inc. v. NATIONAL MARINE ENGINEERS' BENEFICIAL ASS'N.

United States District Court
S. D. New York, Civil Division.
Oct. 20, 1949.

Kirlin, Campbell, Hickox & Keating, New York City, Andre V. Cherbonnier and Louis J. Gusmano, New York City, of counsel, for plaintiff.

Lee Pressman, New York City, for defendant.

RYAN, District Judge.

Defendant moves under Rule 12(b) (2) and (5) Federal Rules Civil Procedure, 28 U.S.C.A., to vacate and set aside service of the summons and complaint. It contends that the court has no jurisdiction over the person of the defendant because, (1) under Section 13 of the New York General Association Law, defendant union is not suable in its common name and that service of process can be made only upon its president or treasurer; and (2) service upon the assistant business manager of a local union does not constitute service upon the national association.

Plaintiff, a New York corporation, brings this action to recover damages for an alleged breach of a collective bargaining agreement between it and defendant. Jurisdiction is predicated on the provisions of Section 301(a) of the Labor Management Relations Act of 1947, 29 U.S.C.A. § 185 (a).

Defendant is an unincorporated labor organization described in its constitution as a "National Association", maintaining offices in Washington, D. C. Defendant as a "National Association" is composed of duly elected representatives of "Subordinate Associations" operating under charters issued by authority of the "National Association" and of its duly elected national officers.

The marshal served the summons and complaint upon one LaBarge, who is the assistant business manager of Local 33, a "subordinate association" functioning within this district.

■ Section 301 of the Act as well as Rule 17(b), Federal Rules Civil Procedure, permit suit against a union in its common name and declare sufficient service of process upon any officer or agent of the union. Wilson & Co., Inc., v. United Packinghouse Workers of America, D.C.S.D.N.Y.1949, 83 F.Supp. 162. Defendant's first objection cannot therefore be sustained.

The issue presented by defendant's second objection is whether the local "subordinate association" is the agent of the defendant "national association." Plaintiff does not contend that the individual upon whom service was made (the assistant business manager) was an authorized agent of defendant national.

Section 301(d) of the Act provides that "the service of the summons * * * upon an officer or agent of a labor organization, in his capacity as such, shall constitute service upon the labor organization." Plaintiff argues that the local "subordinate association", not its assistant business manager, as an individual, is the agent of the defendant "national association", within the meaning of Section 301(d) or Rule 4(d) (3) Fed.R.Civ.P. This individual was the agent of Local 33. The actual relationship between the "national association" and the local "subordinate association" (Local 33) alone, must be determined, and the question resolved as to whether Local 33 is the agent of the "national association" within Section 301(d) and Rule 4(d) (3).

■ Rule 4(d) (3), which provides for the manner of effecting service on an unincorporated association, subject to suit under its common name, authorizes such service to be made by delivering a copy of the summons and complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive services of process. This rule must be read in conjunction with Rule 4(d) (7) which provides an additional method of service, to wit, "it is also sufficient if the summons and complaint are served in the manner prescribed by any statute of the United States or in the manner prescribed by the law of the state in which the service is made for the service of summons or other like process upon any such defendant in an action brought in the courts of general jurisdiction of that state."

A reading of the constitution of the defendant national union does not disclose an agency on the part of Local 33 within the meaning of Section 301(d). The local, as one of the subordinate associations of the national, exists by reason of a charter granted by the national. Under Article 10, Sec. 5 of this constitution "all money, property and other assets and interest acquired by a Subordinate Association" is held by the subordinate association in its own name and right, and in the event the charter is revoked for any reason other than indebtedness to the national, the money, property and other assets are to be retained by the subordinate for the benefit of its members. The subordinate association is permitted to have its own officers, separate and distinct from those of the national. Article 10, Section 7 provides for the jurisdiction of subordinate associations, as follows:

* * * All members of the National Association registered or employed for six (6) months within the territory of any Subordinate Association *shall transfer* their membership to such Subordinate Association." (Italics for emphasis.)

This indicates a distinction between the national and a local because the constitution requires the membership to be trans-

544

ferred. The powers of the local, outlined in Article 18, Section 8, are the usual powers of local unions to enforce contracts and represent its members.

██ From this the conclusion is reached that the national and local are autonomous entities, and therefore, service of process on the one is not valid service on the other. Daily Review Corp. v. International Typographical Union & Typographical Union No. 915, D.C.E.D.N.Y.1949, 9 F.R.D. 295.

Senator Taft in speaking of Section 301 of the Act said:

"Some of the provisions of this bill deal with the question of making the unions responsible. There is no reason in the world why a union should not have the same responsibility that a corporation has which is engaged in business. So we have provided that a union may be sued as if it were a corporation." (93 Cong.Rec. 7690, June 23, 1947)

██ If the national were to be considered a corporation and Local 33 a subsidiary of it, the mere relationship of parent and subsidiary would not be sufficient to sustain service on the subsidiary in an action against the parent. Moore's Federal Practice, Vol. 2, Sec. 4.25, p. 982; cf., Cannon Mfg. Co. v. Cudahy Packing Co., 267 U.S. 333, 45 S.Ct. 250, 69 L.Ed. 634.

██ Furthermore, the wording of Section 301(d) does not reveal an intention on the part of Congress to subject national and international unions to suit wherever they maintain local unions. In speaking of the service of process upon an officer or agent of a labor organization, Congress used the words "in *his* capacity as such." If it had meant that any local could be served when suit was brought against the national, Congress could have used the words "in *its* capacity as such."

From the foregoing, we conclude that service was improper and must be set aside and vacated. The summons and complaint, however, will not be dismissed; plaintiff may have the opportunity to effect proper service upon defendant.