## KELLEY v. BROTHERHOOD OF RAILROAD TRAINMEN.

### No. 6137.

United States District Court
W. D. Missouri, W. D.

June 1, 1950.

James P. Aylward, George V. Aylward and T. Paul Downs, all of Kansas City, Mo., for plaintiff.

John Murphy and J. Gordon Siddens (of Tucker, Murphy, Wilson & Siddens), all of Kansas City, Mo., for defendant.

REEVES, Chief Judge.

After this cause was removed from a state court, a motion to dismiss was filed upon the grounds, among others, that there was no valid service of process upon the defendant association. The return of the sheriff contains a recital as follows:

"Executed this writ & Petition in Jackson County, Missouri, on the 14th day of Dec., 1949, by delivering a copy of this Writ & Petition to the within named defendant, Brotherhood of Rwy Trainman, a Voluntary unincorporated Association, by leaving with Oral B. Mullen, General Chairman.

"J. A. Purdome, Sheriff
(s/s)  By Frank Jacobs, Deputy"

This service was undertaken perforce the provisions of Section 847.27, Mo.R.S.A. Vol. 3. By paragraph (c) of said section it is provided that service shall be made "upon * * *,  or other unincorporated association, when by law it may be sued as such, by delivering a copy of the summons and of the petition to an *officer*, partner, a managing or general agent," etc. (Emphasis mine.)

Ora B. Mullen has filed an affidavit in support of the motion to dismiss wherein he avers that he was not an officer, partner, a managing or general agent, of the association. His connection with the association was, as he states "a General Chairman * * * of a General Grievance Committee" selected by the local or subordinate organizations according to regulations prescribed by such association. In such capacity, it is stated by the affiant that he is not a member of any local Grievance Committee, and that as General Chairman of said General Grievance Committee, he is not an officer or member of the Grand Lodge. From this affidavit it appears that the affiant is not an officer within the purview of the statute providing for service of process. Moreover, there is a question whether, under the allegations of the complaint, the defendant, as an association, could be sued at all. Forest City Mfg. Co. v. International Ladies' Garment Workers' Union, 233 Mo.App. 935, 111 S.W.2d 934.

Plaintiff has filed no suggestions in opposition to the motion to dismiss. In view of the above, the motion to dismiss should be and will be sustained.