**IPPOLITO et al. v. SOCIETA DI NAVI-GAZIONE ITALIA.**

No. 51–232.

United States District Court
D. Massachusetts.

May 31, 1951.

Arthur E. Gozzi, Boston, Mass., for plaintiffs.

Thomas H. Walsh (specially), Boston, Mass., for defendant.

McCARTHY, District Judge.

This is an action of tort. The plaintiffs are citizens of Massachusetts and the defendant is a corporation organized under the laws of Genoa, Italy, having a usual place of business in New York. An amount in controversy in excess of $3,000 exclusive of interest and costs is alleged. This Court has jurisdiction of the subject matter. 28 U.S.C.A. § 1332(a) (2).

Service of process was made on American Export Lines, Inc., general agent of the defendant in Massachusetts. The defendant, appearing specially, contends that such service did not subject it to the jurisdiction of this Court.

Rule 4(d) (7) of the Federal Rules of Civil Procedure, 28 U.S.C.A., permits service of process on a foreign corporation to be made in the manner prescribed by the law of the State in which the service is made. Under Mass.G.L.(Ter. Ed.) c. 223, § 38, service upon a foreign

corporation, except an insurance company, "which has a usual place of business in the commonwealth, or, with or without such usual place of business, is engaged in or soliciting business in the commonwealth" may be made upon "the president, treasurer, clerk, cashier, secretary, agent or other officer in charge of its business". Section 37.

 The sole question raised by this motion to dismiss is whether the defendant was engaged in the transaction of business in Massachusetts sufficiently substantial to render the defendant amenable to service of process within this District. This is a question of fact.

 I find that the scope of the defendant's undertakings in Massachusetts goes beyond mere solicitation and constitutes the actual transaction of substantial business.

Mr. Leo R. Gillis, Assistant Manager of the American Export Lines, Inc., called by the defendant, testified that the American Export Lines, Inc., is the exclusive general agent for the defendant in Massachusetts; that it solicits passenger business, allocates passenger space, and sells tickets for transportation on the several ships of the defendant between New York and foreign ports, without requiring confirmation of the defendant; that it collects payment for the tickets, deposits such receipts on its own banks and accounts to the defendant periodically; that it distributes advertising matter and literature respecting the vessels of the defendant to various local agents and runs advertisements holding itself out as general agent of the defendant; that it advises local agents concerning accommodations on the defendant's ships; that it receives complaints concerning transportation on the defendant's line and attempts to straighten them out; and that, while it does not solicit freight business for the defendant in this District, when inquiries are received concerning it, the New York office of the defendant is notified so that the decision may be made there. This testimony shows more than mere solicitation on the part of the defendant's agent. Isenberg v. Atlantic Coast Line R. Co., D.

C., 82 F.Supp. 927, 928. Wadell v. Green Textile Associates, Inc., D.C., 92 F.Supp. 738, 741.

The defendant's motion to dismiss is denied.