In the Matter of the Arbitration between WESTERN UNION TELEGRAPH COMPANY, Petitioner, and COMMERCIAL TELEGRAPHERS' UNION, A. F. of L., Respondent.

Supreme Court, Special Term, New York County, June 18, 1954.

*John H. Waters* and *William E. Seward* for petitioner.

*Katz & Jaffe* for respondent appearing specially.

STEUER, J.   The respondent appears specially and moves to quash service of a notice of motion and petition.   The respondent is a labor union.   Its structure consists of units called divisions. Each of the divisions is autonomous and acknowledges the rules and authority of respondent union.   The largest division is the Western Union division and this in turn is divided into units called regions, which in turn are composed of one or more locals.

Pursuant to a contract between petitioner and respondent the Western Union division made a demand for arbitration. Proceedings in arbitration were held in Chicago where petitioner raised the question of whether the matters were arbitrable.   On an adverse decision by the arbitrator, petitioner refused to proceed on the merits.   Whereupon both parties started legal proceedings, the respondent in the United States District Court in Ohio and the petitioner in this court.

Petitioner served its petition and notice of motion on the president of the home office region (also president of Local 15 which comprises all of the membership of that region).   He is not an officer of the respondent union or even of a division. The right to sue an unincorporated association is governed by statute (General Associations Law, § 13).   Suit must be brought against the president or treasurer of the association.   Respond-

ent does not dispute that the designation of the union rather than the officers in the title is a defect curable by amendment (*Matter of Motor Haulage Co. [Teamsters' Union]*, 298 N. Y. 208), but does insist that service upon anyone other than the officers designated in the statute is not service.

To this petitioner makes two answers. The first is that the units comprising the union act interchangeably with the union and the one constitutes the other. This is unfounded both in fact and legal theory. While the union might well be said to have no practical existence apart from its comprising units, the reverse would not be true and the organizational framework shows that they are separate entities. Petitioner shows that the demand for arbitration was made by the Western Union division while the suit in Ohio was brought by the union. Whether these were the proper parties to institute the respective proceedings is not a question here, nor is that claimed. It is argued that this shows an identity between the union and its subdivisions. Obviously it shows no factual identity. And our statutes providing for service do not appear to warrant a service upon an association by serving one engaged in that association's business in this State. (*Amon* v. *Moreschi,* 296 N. Y. 395.)

Secondly, petitioner urges that the respondent has already appeared generally in this proceeding. The claim is that there is a pending special proceeding, namely the arbitration, and in it the respondent has appeared. It has certainly been held that a motion made in regard to a pending arbitration is a motion in a pending proceeding (*Matter of Grand Central Theatre* v. *Moving Picture Machine Operators Union,* 263 App. Div. 989, affg. 69 N. Y. S. 2d 115), but there are certain difficulties in the way of reaching that conclusion here. The first is the question whether there is any proceeding pending in this jurisdiction.

The first formal step in initiating the arbitration was a notice sent by the Western Union division from its offices outside this State to the American Arbitration Society whose headquarters are in this city. That body determined that the arbitration should be held elsewhere and referred the matter to its Chicago office which took all the steps to effectuate the arbitration — selecting an arbitrator, fixing a time and designating Chicago as the place to hold the arbitration. It appears from the above that there is no proceeding pending here. Other questions are presented which in view of the above need not be considered.

Lastly, the petitioner urges that the other jurisdictions involved do not provide in their laws the relief that is envisaged

by its petition and if the proceeding is not entertained here the relief cannot be had. This is neither an excuse for waiving provisions as to service nor grounds for entertaining an action not otherwise proper here.

Motion granted.