**FARNSWORTH & CHAMBERS CO., Inc., Plaintiff,**

v.

**SHEET METAL WORKERS INTERNATIONAL ASSOCIATION, LOCAL 49, and Sheet Metal Workers International Association, Defendants.**

**Civ. No. 2680.**

United States District Court, D. New Mexico.

Nov. 18, 1954.

---

John D. Robb, Rodey, Dickason, Sloan, Mims & Akin, Albuquerque, N. M., for plaintiff.

C. W. Chavez, Albuquerque, N. M., for defendants.

ROGERS, District Judge.

Farnsworth & Chambers, Co., Inc., plaintiff, filed a complaint against Sheet Metal Workers International Association, Local 49, and Sheet Metal Workers International Association, as defendants, seeking damages in the sum of $27,000, same being damages claimed at $3,000 a day from September 22, through September 30, 1954, and in the sum of $3,000 a day for each day passing thereafter, except Saturdays and Sundays, until this cause is tried.

The action arises under the Act of June 23, 1947, Title 3, § 303, 61 Stat. 158; Title 29 U.S.C.A. § 187, the Labor Management Relations Act of 1947, commonly referred to as the Taft-Hartley Act. In effect, the complaint charges the defendants with unlawful picketing, the purpose of such picketing being alleged to be to induce and encourage plaintiff's employees, at its job-site, to engage in a strike, and a concerted refusal in the course of their employment to use, manufacture or otherwise handle or work on any goods or articles or materials, or to perform any services for the plaintiff, with the object of forcing and requiring plaintiff to assign to members of defendants' Union the work now being performed by plaintiff's employees, who are members of the International Association of Bridge, Structural and Ornamental Iron Workers' Union.

As of the day of argument on the motion hereinafter referred to, service by the Marshal for the District of New Mexico was had upon E. D. Brooks, business representative for the Sheet Metal Workers International Association, Local 49. No serious claim is made by the defendant Local 49, as to legality of service upon it, by service upon its business agent, Brooks. Summons was also served upon the said E. D. Brooks, accompanied by a delivery to him, of a second copy of the complaint, on the theory that the said Brooks was and is the agent of Sheet Metal Workers International Association. These two labor groups will hereinafter be referred to as Local 49, to denote the local union, and International Association, to denote the parent group.

Local 49 is a voluntary association, composed of members engaged in the craft of sheet metal workers, and holding a charter bearing date of January 7, 1953, from the Sheet Metal Workers International Association. The Local 49 is composed of eligible building trade mechanics located within some twenty-two New Mexico Counties, with headquarters at Albuquerque, New Mexico. The International Association is a voluntary, unincorporated association, with general offices at 642 Transportation Building, Washington, D. C.

A motion to quash the return of service of the summons and complaint, was filed separately by Local 49 and the International Association. As above stated, the first motion was not urged, and the Court is of the opinion that there is no merit therein. The second motion, on behalf of the International Association, had, as an exhibit, an affidavit by Robert Byron, the general president of the International Association, which contained, among other allegations, one to the effect that the said E. D. Brooks, business agent of the Local 49, was the business agent and financial secretary for the said Local 49, and that he is not a general officer of the International, nor an International representative appointed by the general president, nor an agent of the International for any purpose, whatsoever. The affidavit ends with a conclusion to the effect that the said Brooks is not now, nor has he in the past, been authorized by the International, or any officer or agent thereof, to represent or act for the International,

for purposes of receiving service of process upon it, or for any other purpose. This affidavit was not traversed by any other affidavit, although one of the attorneys for the plaintiff executed an affidavit attached to a motion for production of documents, requesting opportunity to examine the rules, by-laws, charters and constitutions of both defendants. These documents, as hereinafter mentioned, were produced during the testimony of E. D. Brooks, the aforementioned business agent of Local 49.

Summarized, the testimony of Mr. Brooks is to the effect that he is the business agent of Local 49; that he is paid solely from the funds of that organization; that Local 49 elects all of its officers and agents; that it passes upon the qualifications of persons seeking membership therein; that it fixes the initiation fees and dues of the members, and that with the exception of conventional provisions contained in some earlier standard collective bargaining agreement forms promulgated by International Association, it conducts, through its own agents, all of the negotiations for collective bargaining, and has prepared its own collective bargaining agreement contracts. All of the collective bargaining agreements are passed upon by vote of the members of Local 49, and at no time has it been under the direct supervision of the International Association, nor has it requested the services of agents of the International Association, in any of its activities; and that the only regular reports actually known by the witness, Brooks, to be forwarded to the International Association by Local 49, are the transmission of per capita tax forms, and a trustee's report in the form of a financial statement, periodically compiled by the Executive Board of Local 49, giving a summary of its finances. All of the funds and assets of Local 49 consist of the balance of cash paid in by its members, or supplies and property purchased by the Local from its receipts from its members.

The charter, on the other hand, states that the original members of Local 49, and their duly qualified and elected successors, constitute a subordinate Local Union of the Sheet Metal Workers International Association. It is provided in this charter all officers, representatives and members shall, at all times, be governed by the specific provisions and requirements of the constitution of the International Association, and shall accept and comply with all decisions, interpretations and policies of the officers of the International Association, and it is finally provided that, if the charter is suspended or revoked for cause, in the manner and under conditions specified in the constitution of the International Association, or if Local 49 dissolve or otherwise forfeit its rights, then the charter, seal, books, records, funds, including monies and investments and other property of every description belonging to Local 49, shall revert to and become the property of the International Association.

Recourse to the constitution and the ritual of the International Association, section 10 thereof, indicates that the assets of a Local being suspended, or the charter of which is revoked, or upon a voluntary dissolution or disbanding of the Local, be surrendered to the general secretary of the International Association, to be by him held for a period to be determined by the General Executive Council, in no instance to be less than one year, pending any appeal which may be taken from any suspension, revocation of the charter, voluntary dissolution, or the lapsing or disbanding of such Local Union, whichever is the greater. It is lastly provided, under said section, if the Local Union is re-established, or a new Local Union is established to take over the jurisdiction of the Local Union, or the jurisdiction and membership of the Local Union is transferred to another Local Union, the general secretary-treasurer shall forthwith surrender the funds and property then in his hands to such Local Union. In

the event the funds and property are not so surrendered to a Local Union, as above provided, they shall become the property of the Association.

It should also be mentioned that several provisions in the by-laws of Local 49, incorporate, by reference, certain provisions in the constitution of the International Association. This feature is not uncommon to labor unions, or to various fraternal and benevolent associations of this nation.

■ The Court is of the ultimate opinion that from the way that Local 49 operates and functions, it is an autonomous body, separate and distinct from the International Association, so separated that service upon Brooks, the business representative of Local 49, is not valid service of process upon the International Association.

Two very interesting cases bear upon the matter in question. One is Claycraft Co. v. United Mines Workers of America, 6 Cir., 204 F.2d 600. This case was decided subsequent to the effective date of the Labor Management Relations Act of 1947. This deals with service upon a director of Region 34 of District 50 of the United Mine Workers of America. District 50, it should be pointed out, had no constitution. An administrative officer was appointed by the United Mines Workers International, who, in turn, appointed the regional directors. Regional directorships, under the International constitution, could be established or abolished, at the discretion of the administrative officer of the District. The regional directors of District 50, were required to make weekly written reports directly to the administrative officer on all matters of policy and organizational activities. The Court of Appeals for the Sixth Circuit, on a consideration of the provisions of the constitution of the International, and the rules of the District, is of the opinion that District 50 and the International, were not separate autonomous entities, but that District 50 was a part of the International, and the agency through which it carried out its work. It should be noted, in fairness to the plaintiff herein, that the United Mines Workers International constitution provided that upon disbandonment of the District, or a revocation of a charter to a district, the charter and all the monies, supplies and properties shall be taken over by the International Union. There were no provisions for a transfer back to the Union, if it was reinstated, or a transfer to a successor union, as is provided in the Sheet Metal Workers International Association. At the same time, the provision as to funds and assets, is somewhat similar to the Sheet Metal Workers International.

■ The Court is of the opinion that the United Mine Workers case is not controlling, here, for a number of reasons. For one thing, the United Mine Workers of America is a unique association, from any standpoint. It is an organization of a very strong national character, ruled strongly, if not despotically, by its national officers. Districts, as distinguished from Local Unions, are merely regional divisions of the International Association of the United Mine Workers of America, rather than local groups financed, governed by functioning by local autonomy. The United Mine Workers is the original committee on industrial organization unit. The Sheet Metal Workers International Association is a horizontal or craft guild of the American Federation of Labor. In this day and age, judicial notice can be taken of the framework of these two-named labor organizations, and the extent of interrelation between the International aspect of Unions on the one hand, and of Local Unions on the other, is well known to all.

At the other extreme, is the case of Isbrandtsen Co., Inc., v. National Marine Engineers' Beneficial Association, 9 F.R.D. 541, decided by Judge Ryan of the U. S. District Court for the Southern Division of New York, in 1941. On a hearing on a motion similar to that filed in the case at bar, the District Court held that under the Labor Management Relations Act, suit could be maintained against a Union in its common name, and

that service of process on any officer or agent of the Union was sufficient, but it further held that a Local Union was not an officer or agent of a National Association. In that case, the defendant was an unincorporated labor organization, described in its constitution as a National Association maintaining offices in Washington, D. C. As such National Association, it was composed of duly elected representatives of subordinate associations, operating under charters issued by authority of the National Association, and of its duly elected National officers. The Marshal served the summons and complaint on an assistant business manager of Local 33, a subordinate association functioning within the Southern District of New York. As a supporting case to the decision which this Court has rendered in the instant case, its strength is somewhat lost by a provision in the National constitution to the effect that all money and property of a subordinate association is held by the subordinate association in its own name and right, and in the event the charter is revoked for any reason, other than indebtedness to the National, the money and the property and other assets are to be retained by the subordinate for the benefit of its members. At the same time, this Court does not believe that disposition of the assets of a Local Union is the controlling feature, when this question arises.

The features in the National Marine Engineers Benefit Association's charter, relative to transfer of membership, is similar to the one in the Sheet Metal Workers. So, also, are the powers of the Local to enforce contracts and represent members of the Local Union. The District Court ultimately concluded that the National and the Local were autonomous entities, and therefore, service of the process on the one, is not valid service on the other.

Section 301 of the Taft-Hartley Act, same being Title 29 U.S.C.A. § 185, does not provide that service of process on a Local Union shall be good service upon the National Association. Subdivision D thereof, provides, in effect, that the service of summons upon an officer or agent of a labor organization in *his* capacity as such, shall constitute service upon the labor organization.

As Judge Ryan ably pointed out, if the section had stated that service of the summons upon an officer or agent of a labor organization in *its* capacity as such, shall constitute service upon a labor organization, strength would be lent to plaintiff's contention.

Section 185 of Title 29 U.S.C.A., together with Rule 17(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A., allow an action against a Union in its common name, and each declares that proper service may be had by service upon any officer or agent of the Union. Rule 4(d) (3), Federal Rules of Civil Procedure, provide the manner of securing service on unincorporated associations, authorizing service to be made by delivering a copy of the summons and complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive services of process. Recourse must also be had to Rule 4(d) (7), supra, providing, in effect, that service is also sufficient if the summons and complaint are served in the manner prescribed by any statute of the United States. It is this last rule that focuses our attention upon Section 185, Title 29 U.S. C.A. Providing, as the last-mentioned Act does, that the service of a summons upon an officer or agent of a labor organization, in his capacity as such, shall constitute service upon the labor organization, service by the Marshal, in this District, upon Brooks, as the business agent of Local 49, is good and sufficient service upon that Labor Union. Inasmuch, however, as there is not a sufficient connection between Local 49 and the Sheet Metal Workers International Association, and inasmuch as this Court has held that the Local, on the one hand, and the International Association, on the other, are each separate and autonomous legal entities, service upon Brooks, with the attempt to join

by service as a defendant herein, an International Association is, ineffective, and the attempted service of the summons and the return of service of summons is hereby quashed. The Sheet Metal Workers International Association will remain as a defendant in this cause, inasmuch as the plaintiff may, in the future, have an opportunity to effect proper service upon that defendant.