THOMAS B. HANLEY, Appellant, v. SHEET METAL
WORKERS INTERNATIONAL ASSOCIATION,
Respondent.

No. 3903

February 21, 1956.                    293 P.2d 544.

*Zenoff, Magleby & Manzonie*, of Las Vegas; *Carl W.
Berueffy*, and *Albert M. Dreyer*, of Washington, D.C.,
for Appellant.

*Rudiak, Horsey & Lionel*, of Las Vegas; *Mulholland,
Robie & Hickey*, of Toledo, Ohio; and *Gilbert, Nissen &
Irvin*, of Los Angeles, California, for Respondent.

## OPINION

By the Court, MERRILL, C. J.:

This is an appeal from an order quashing service of an alternative writ of mandate. The question involved is whether an international labor union, being an unincorporated association, can be served with process by making service upon an official or member of one of its locals within the state. We conclude that it cannot and that the order appealed from must be affirmed.

Respondent is an unincorporated international labor union with its principal office located in Washington, D. C. It operates in the State of Nevada through three locals situated in the cities of Las Vegas, Reno and Sparks. Appellant was a member of the Las Vegas local. By letter from the general president of the respondent union, appellant was required to stand trial for expulsion from membership on certain charges. Trial was had before a trial board of the union in Los Angeles, California, resulting in a decision of expulsion. Appellant appealed from this decision to the general convention of respondent union held in Montreal, Canada, which convention affirmed the decision of the trial board.

In the court below appellant sought a writ of mandate against the international union to compel his reinstatement to membership upon the ground that his expulsion was in violation of the provisions of the union's constitution relating to notice and hearing and, therefore, was void. The alternative writ was ordered by the lower court, was issued, and thereafter was served upon the president of the Las Vegas local. Upon motion of the international union, service was·quashed upon the ground that service upon an officer of the local did not constitute service upon the international organization.

Authority is in accord with this ruling. Singleton v. Order of Railway Conductors of America (1935, Dist. Ct. S.D., Ill., N.D.), 9 Fed.Supp. 417; Christian v. International Association of Machinists (1925, Dist.Ct., Ky.), 7 F.2d 481; Dean v. International Longshoremen's

Ass'n (1936, Dist.Ct., W.D., La.), 17 Fed.Supp. 748; Kelley v. Brotherhood of Railroad Trainmen (1950, Dist.Ct., W.D., Mo., W.D.), 90 Fed.Supp. 925; Daily Review Corp. v. International Typographical Union (1949, Dist.Ct., N.Y.), 9 F.R.D. 295; Isbrandtsen Co., Inc. v. National Marine Engineers' Ben. Ass'n (1949, Dist.Ct., N.Y.), 9 F.R.D. 541, 544; McFarland v. Brotherhood of Locomotive Firemen and Enginemen (1939, La.), 190 So. 573, 193 La. 337; Hurley v. Brotherhood of Railroad Trainmen (1946, Neb.), 25 N.W.2d 29, 147 Neb. 781; Amon v. Moreschi (1947, N.Y.), 296 N.Y. 395, 73 N.E.2d 716; Western Union Telegraph Co., Petition of (1954, N.Y.), 206 Misc. 561, 133 N.Y.S.2d 371; United Brotherhood of Carpenters and Joiners of America v. McMurtrey (1937, Okla.), 179 Okla. 575, 66 P.2d 1051; International Brotherhood of Boilermakers v. Wood (1934, Va.), 162 Va. 517, 175 S.E. 45. As expressed in the Isbrandtsen Company case [9 F.R.D. 544], "The national and local are autonomous entities and therefore service of process on the one is not valid service on the other." In this connection it may be noted that the officials of the local are elected by the members of the local and in no respect are selected by the international or authorized by it to act in its behalf. In Farnsworth & Chambers Co. v. Sheet Metal Workers International Association (U.S.D.C. N.Mex.) 125 F. Supp. 830, following the Isbrandtsen Company case, this general rule was specifically applied to the respondent union.

In opposition to this well-established rule appellant relies on International Union of Operating Engineers v. Jones Construction Co., Ky., 240 S.W.2d 49, 54, holding that "service on the agents of the local was sufficient to bring International before the court as an organization." In this case, however, a Kentucky statute provided that as to associations service might be had upon the agent or manager in charge of the local agency "in all actions growing out of or connected with the business of that office or agency." Davidson v. Doherty & Co., 214

Iowa 739, 241 N.W. 700, 91 A.L.R. 1308, is likewise distinguishable. Nevada has no such statute. It may also be noted that in the case at bar the cause of action against the union did not arise out of business transacted by it by or through its Nevada locals. The general rule would, therefore, seem clearly to apply.

Appellant contends, however, that Nevada has prescribed a method of service upon associations. This is through sec. 8564, N.C.L. 1929, which reads as follows: "When two or more persons, associated in any business, transact such business under a common name, whether it comprise the names of such persons or not, the associates may be sued by such common name, the summons in such cases being served on one or more of the associates; and the judgment in the action shall bind the joint property of all the associates, in the same manner as if all had been made defendants, and had been sued upon their joint liability." Since service in this case was made upon a member of the international association, it is contended that the association has properly been served under this section. In opposition it is contended by respondent that this section was never intended to apply to associations of the sort here involved or to causes of action unrelated to business transactions of the local associates.

In our view the statute is not clear in its application to such matters and a question of statutory construction is properly presented. Upon this question we agree with the contentions of respondent: the statute cannot be construed to apply to national associations of the sort here involved, at least so far as service of process is concerned. So to construe the statute would be to give to it an effect so absurdly unrealistic as to be of doubtful due process. Service of process upon associations should be such as to give reasonable assurance that notice of the institution of proceedings will promptly be conveyed to those having the responsibility of defending.

In Christian v. International Association of Machinists, supra, [7 F.2d 481, 482], it is stated, "[Unions] cannot be brought before the court, save by service of process on a direct representative, whose relation thereto is such that it is reasonable to infer that the service of such process on him will be brought home to the union which he represents. They are entities, distinct and separate from their membership and subordinates, as much so as a corporation is an entity distinct from its stockholders or subordinate organizations."

In Dean v. International Longshoremen's Ass'n, 17 F. Supp. 748, 750 (quoted and followed in McFarland v. Brotherhood of Locomotive Firemen and Enginemen, supra), it is stated, "As was pointed out by the Supreme Court in United Mine Workers v. Coronado Coal Co., 259 U.S. 344, 345, 42 S.Ct. 570, 66 L.Ed. 975, 27 A.L.R. 762, these international labor unions are entities, separate and distinct from the members who compose them and from the local organizations. It is true that case did not involve a question of citation or jurisdiction, but, if it be true, as must be conceded, that they have rights as juridical personages distinct from the members or locals who compose them, then it necessarily follows that they cannot be brought into court by service merely upon a member, but must be cited through some one having authority either expressed or necessarily implied from his relation to the association or the duties which he discharges."

As to national associations, particularly those having the characteristics of labor unions, the section in question wholly fails to provide any assurance that notice of proceedings will be brought to the attention of those in authority. Service might effectively be made under that section upon an obscure resident member having no official capacity or authority to bind the association in any respect and no obligation (and, perhaps, no inclination) to divulge the fact of service to those in authority.

We cannot, then, credit the legislature with intent to bind national or nonresident associations of the sort here involved by the method of service of process provided by sec. 8564, N.C.L. It follows that service of process upon the international union has not been accomplished by making personal service upon the member of the association served.

Affirmed with costs.

BADT and EATHER, JJ., concur.