Henry Epstein, J.
Motion to set aside the alleged service of summons upon the defendants Cross and Olsen as president and treasurer, respectively, of the Bakery and Confectionery Workers International Union of America, upon the grounds that the court does not have jurisdiction over the person of the said defendants, or either of them, or, in the alternative, to dismiss the complaint herein on the grounds that the court, in its discretion, as a matter of policy, should decline to exercise jurisdiction over the subject matter of this action.
Defendants admit that summonses were served personally on Cross and Olsen in New York City and that these persons are the president and treasurer, respectively, of the International. They also concede that section 13 of the General Associations Law of the State of New York provides that an unincorporated association may be sued through the president or treasurer. However, the defendants submit that said section must be construed to include the proviso that, if an unincorporated association is a foreign one, it must be “ doing business ” or “ present ” in this State in order to be sued here, and, unless so construed, section 13 is unconstitutional. Defendant would like said section construed in the same way as section 229 of the Civil Practice Act, viz., that a foreign corporation must be doing business in this State. However, the distinction between the application of the rule of exclusion to corporations as opposed to citizens is pointed out in Paul v. Virginia (8 Wall. [75 U. S.] 168, 181): “ Now a grant of corporate existence is a grant of special privileges to the corporators, enabling them *377 to act for certain designated purposes as a single individual, and exempting them (unless otherwise specially provided) from individual liability. The corporation being the mere creation of local law, can have no legal existence beyond the limits of the sovereignty where created. * * * The recognition of its existence even by other States, and the enforcement of its contracts made therein, depend purely upon the comity of those States—a comity which is never extended where the existence of the corporation or the exercise of its powers are prejudicial to their interests or repugnant to their policy. * e * They may exclude the foreign corporation entirely; they may restrict its business to particular localities, or they may exact such security for the performance of its contracts with their citizens as in their judgment will best promote the public interest.”
In Martin v. Curran (303 N. Y. 276, 280), the court stated, ‘ A voluntary, unincorporated membership association is neither a partnership nor a corporation. It is not an artificial person, and has no existence independent of its members.”
A foreign unincorporated association may not be sued as if it were a foreign corporation, but only if the requirements of section 13 of the General Associations Law are shown to have been fulfilled. (Rodier v. Fay, 7 N. Y. S. 2d 744.) There is no requirement in section 13 that the individuals sued in their representative capacities must be residents of this State or that the association which they represent must be doing business in this State.
As to the various methods of serving the summons, this question of doing business in New York may arise (Amon v. Moreschi, 296 N. Y. 395). As stated in Hagan v. Bricklayers’, Marble Masons’ & Tile Setters’ Union No. 28 (143 Misc. 591, 593) : ££ Section 13 of the General Associations Law gave a method of bringing actions which did not formerly exist. * * * The method provided by said section 13 is novel and extraordinary, and, while it has been held to be constitutional, the section should be strictly complied with. The fact that the offices of the president and treasurer of the association here involved are in Washington, D. C., does not alter the situation. The plaintiff, if he would resort to the method offered, would have to wait for such time as either the president or treasurer was in the State of New York and service of process in this State could be made upon him. The statute makes no provision for a substituted service.” (Emphasis supplied.) (Cited with approval in Oskoian v. Canuel, 269 F. 2d, 311.)
In Rodier v. Fay (supra, p. 746), it is stated: If the one served is a non-resident, in addition to service the court must *378 have jurisdiction in rem before it can proceed to a valid judgment, as there would be no personal jurisdiction unless acquired by personal service or voluntary appearance.”
There is therefore no requirement that the unincorporated association must be doing business in this State in order to be sued here, as long as the other requirements under the statute are met.
The next question presented is whether this court must accept jurisdiction or whether it may decline to assume jurisdiction, as a matter of policy, even though one or more of the plaintiffs, or even all parties, are residents of this State.
This is not a question of “ forum non conveniens ” since it is conceded that the plaintiff is a resident of New York. Defendants project it as a matter of policy.
In Wagner v. Braunsberg (5 A D 2d 564, 566-567) it is stated: “As a resident, she has an unqualified right to resort to our courts, in the absence of any legal impediment barring the exercise of that right.”
Is there any legal impediment? The first two alleged causes of action are to compel the defendants to process promptly and pay all such persons eligible, the death benefits due under the Sick and Death Benefit Fund contract between the parties. The third cause of action seeks to impress a trust on the assets of the International equal to the amount credited to the Fund; that such assets be segregated; and that a ‘ ‘ trustee ’ ’ be appointed to administer the trust impressed upon the segregated assets.
The defendants stress that the critical question in this action will be whether or not the court will grant the relief requested in the third cause of action, and it is this question, this subject matter, over which the defendants say that the court should decline jurisdiction as a matter of policy.
As stated in Wagner v. Braunsberg (supra, p. 567): “We have been referred to no case, nor has research disclosed one, in which a resident has been denied the right to invoke our judicial tribunals to recover only damages in a transitory action predicated upon a breach of a contract. ’ ’
Therefore, the court will not decline jurisdiction of the first and second causes of action.
Although the motion in the alternative seeks to dismiss the entire complaint, counsel in their respective briefs have regarded it as a motion aimed at each cause of action separately, and it will be treated in that light (Demuth v. Griffin, 253 App. Div. 399, 402-403).
*379 As further stated in Wagner v. Braunsberg (supra, p. 567): “ We are not unmindful of the line of cases in which resident plaintiffs have been barred from resort to our courts [citations given]. These cases do not run counter to the views herein expressed and have no applicability to the problem posed. They rest upon the sound logic that where the rights of the litigants involve regulation and management of the internal affairs of foreign corporations or where the court is unable to enforce its decree, we should not retain jurisdiction.”
The court is of the opinion that, under the allegations stated in the third cause of action, and upon all the facts and circumstances herein, there may be involved the regulation and management of the internal affairs of the unincorporated defendant which has its main office in Washington, D. 0., and were the court to find for the plaintiff, it may not be able to enforce its decree or may create a condition over which it would not have full control.
Accordingly, the motion is granted only to the extent of dismissing the third cause of action, but without prejudice to any relief the plaintiff may pursue in any other forum, dr in this forum if the facts and circumstances in the future warrant such relief.