Thomas J. DOMINGUEZ, Plaintiff,

v.

NATIONAL AIRLINES, INC. and Air Line Employees Association, International, an unincorporated association consisting of seven or more members, Defendants.

No. 66 Civ. 1081.

United States District Court
S. D. New York.

Oct. 27, 1966.

Herbert A. Simon, New York City, for plaintiff.

Hoffman, Kemper & Johnson, Miami, Fla., for defendant, Air Line Employees Assn., International, Callahan & Wolkoff, Parnell J. T. Callahan, New York City, of counsel.

Herman I. Meltzer, New York City, for defendant, National Airlines, Inc.

## OPINION

LEVET, District Judge.

The defendant Air Line Employees Association, International, has made three motions, which it states as follows:

"1.  To dismiss the action as against the defendant or in lieu thereof to quash the purported service of summons on the ground that the defendant AIR LINE EMPLOYEES ASSOCIATION, INTERNATIONAL, has not been served properly with process in this action, all of which more clearly appears in the affidavits of JOHN MANCHESTER and PARNELL J. T. CALLAHAN, hereto annexed as Exhibits A and B respectively, or, in the alternative,

"2.  To dismiss this action as to the defendant AIR LINE EMPLOYEES ASSOCIATION, INTERNATIONAL, because the complaint fails to state a cause of action against said defendant, upon which relief can be granted, or, in the alternative,

"3.  To dismiss this action as against the defendant AIR LINE EMPLOYEES ASSOCIATION, INTERNATIONAL, on the ground that the Court lacks jurisdiction of this Court [sic] because:

"(a)  There is no diversity of citizenship within the meaning of the statute and rules of this Court.

"(b)  The Court lacks jurisdiction because the amount actually in controversy is less than $10,000.00 exclusive of interest and costs, and

"(c)  The jurisdiction of this Court is invoked on the ground that the action arises under the Railway Labor Act and no violation of such act is alleged."

## MOTION NO. 1 (TO QUASH SERVICE OF SUMMONS)

Plaintiff asserts the following argument to support his contention that service was proper:

1.  One Anthony LaConte, on July 11, 1966, delivered the summons and complaint to one John Manchester at 104–20 Queens Boulevard, Forest Hills, New York.

2.  John Manchester, who was thus served, was a Trustee for Council No. 27, Air Line Employees Association, International.

Counsel points out that under Section 13 of the Constitution and By-Laws of defendant, under subdivision B, the Trustee has the following powers:

"B.  The Trustee shall have power to take immediate charge of the affairs of such Council, Sub-Council or other subordinate body and shall have the right, upon demand, to any Association, property or files in the possession of such body for the period that he is in charge, such properties to be held in trust for the benefit of such body during the period of Trusteeship."

(See letter of June 28, 1965, Ex. B, attached to opposing motion papers.)

3.  John Manchester was Director of Northeastern Region of Air Line Employees Association, International, listed at 104–20 Queens Boulevard, Apt. 8A, Forest Hills, New York.  (See Ex. C attached to opposing papers.)

4.  Hence, that Manchester is an agent of the Association with sufficient capacity to accept service.

Defendant, in turn, asserts that:

1.  By affidavit of John Manchester it is stated that he is not an officer of the union and is employed merely as a regional representative, a salaried employee; that he is not a member of the defendant union.

2.  By affidavit of Parnell J. T. Callahan, attorney for defendant, it is said that there are no officers of the defend-

ant Air Line Employees Association, International in the State of New York or in the City of New York.

The defendant is an unincorporated association.

Rule 4(d) (3) and Rule 4(d) (7) of the Federal Rules of Civil Procedure are as follows:

"(d) Summons: Personal Service. The summons and complaint shall be served together. The plaintiff shall furnish the person making service with such copies as are necessary. Service shall be made as follows:

\* \* \* \* \* \*

"(3) Upon a domestic or foreign corporation or upon a partnership or other unincorporated association which is subject to suit under a common name, by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant.

\* \* \* \* \* \*

"(7) Upon a defendant of any class referred to in paragraph (1) or (3) of this subdivision of this rule, it is also sufficient if the summons and complaint are served in the manner prescribed by any statute of the United States or in the manner prescribed by the law of the state in which the district court is held for the service of summons or other like process upon any such defendant in an action brought in the courts of general jurisdiction of that state. As amended Jan. 21, 1963, eff. July 1, 1963."

Labor Management Relations Act, § 301(d) (1947), 29 U.S.C. § 185(d) (1964) reads:

"The service of summons, subpoena, or other legal process of any court of the United States upon an officer or agent of a labor organization, in his capacity as such, shall constitute service upon the labor organization."

Section 13 of the New York State General Associations Law, McKinney's Consol.Laws, c. 29, as amended in 1961 is as follows:

"§ 13. Action or proceeding against unincorporated association

"An action or special proceeding may be maintained, against the president or treasurer of such an association, to recover any property, or upon any cause of action, for or upon which the plaintiff may maintain such an action or special proceeding, against all the associates, by reason of their interest or ownership, or claim of ownership therein, either jointly or in common, or their liability therefor, either jointly or severally. Any partnership, or other company of persons, which has a president or treasurer, is deemed an association within the meaning of this section.

"The service of summons, subpoena or other legal process of any court upon the president, vice president, treasurer, assistant treasurer, secretary, assistant secretary, or business agent, in his capacity as such, shall constitute service upon a labor organization. Such service shall be made on such individuals in the manner provided by law for the service of a summons on a natural person."

■ It is basic that the burden of proving the required agency in the person served, here Manchester, is upon the plaintiff. Szabo v. Keeshin Motor Express Co., 10 F.R.D. 275 (N.D.Ohio 1950). Such proof is absent from any facts or evidence in the motion papers.

■ Plaintiff has shown that Manchester has been appointed Trustee for Local Council No. 27 and that he is Regional Director of Air Line Employees Association, International. The affidavits on plaintiff's behalf, however, do not show any facts supporting Manchester's power to accept service for the

International in either capacity under Rule 4(d) (3) or Rule 4(d) (7) of the Federal Rules of Civil Procedure, which incorporate Section 301(d) of the Labor Management Relations Act and Section 13 of the New York State General Associations Law.

Rule 4(d) (3) by the use of the term "or to any other agent authorized * * by law to receive service of process" would seem to import Section 13 of the New York State General Associations Law, *provided* there is jurisdiction in this court. Cf. 2 Moore's Federal Practice § 4.18, p. 1070; Ippolito v. Societa Di Navigazione Italie, 100 F.Supp. 73 (D.Mass.1951); Underwood v. McBride, 182 F.Supp. 361 (D.Del.1960).

Likewise, if service is to depend upon Rule 4(d) (7), plaintiff must comply with the Labor Management Relations Act § 301(d) or Section 13 of the New York State General Associations Law. The state law was amended in 1961 to provide for service upon a union by service of process upon a vice-president, assistant-treasurer, secretary, assistant-secretary, or business agent, in addition to the president or treasurer of the union as previously provided for. No claim is made by the plaintiff that Manchester was a president, vice-president, treasurer, assistant-treasurer, secretary, assistant-secretary, or any other officer of the International. Neither is it proved that Manchester was a business agent of the International under the state law, nor that he engaged in any business as agent on behalf of the International under the state or federal statute.

The affidavits show nothing in the powers of a Trustee of Council No. 27 or of a Regional Director which renders Manchester an agent with substantial capacity to accept service on the part of the defendant. The action is against the International, not against a local. Therefore, the service must be held insufficient. Isbrandtsen Co. v. National Maritime Engineers Beneficial Association, 9 F.R.D. 541 (S.D.N.Y.1947); Daily Review Corp. v. International Typographical Union, 9 F.R.D. 295 (E.D.N.Y.1947); Compare Claycraft Co. v. United Mine Workers, 204 F.2d 600 (6th Cir. 1953); Underwood v. McBride, 182 F.Supp. 361, 364–365 (D.Del.1960), where such facts were before the court. See also Kelley v. Brotherhood of Railroad Trainmen, 90 F.Supp. 925 (W.D.Mo.1950); Matter of Western Union Tel. Co., 206 Misc. 561, 133 N.Y.S.2d 371 (N.Y.Sup.Ct.1954).

The plaintiff has shown no compliance with federal rules or state statutes sufficient to sustain the service of process in this action.

The motion to quash must be granted. Therefore, it is unnecessary to consider the other two motions.

So ordered.