W. Willard WIRTZ, Secretary of Labor, United States Department of Labor, Plaintiff,

v.

MERCANTILE STORES COMPANY, Incorporated, and Muskogee Jones Store Company, Incorporated, Defendants.

Civ. A. No. 6221.

United States District Court E. D. Oklahoma.

Aug. 17, 1967.

M. J. Parmenter and James White, U. S. Dept. of Labor, Dallas, Tex., for plaintiff.

Spencer, Fane, Britt & Browne, Kansas City, Mo., R. M. Mountcastle, Muskogee, Okl., for defendants.

## ORDER

DAUGHERTY, District Judge.

Upon consideration of the Motion to Quash Process and to Dismiss for Lack of Jurisdiction, filed herein by the Defendant, Mercantile Stores Company, Incorporated, Mercantile, and the Motion of the Plaintiff to Overrule the same, the Court finds that the Motion to Quash Process against the said defendant should be sustained and the Motion to Dismiss stricken without prejudice to being hereafter reasserted in this case.

To sustain the Motion to Quash Defendant Mercantile urges that it is a foreign corporation as it was organized and is existing under the laws of the State of Delaware; that it is not licensed to do business in the Eastern District of Oklahoma and is not doing business in this District; and that the service of process on it was not proper through Sam Dawdy who is admittedly a "managing or general agent" of the Co-Defendant, Muskogee Jones Co., Muskogee Jones. Defendant Mercantile denies that Sam Dawdy was authorized or appointed by Defendant Mercantile to accept service of process on it. The Plaintiff claims valid service on the Defendant Mercantile by serving Sam Dawdy as a managing or general agent of Mercantile under Rule 4(d) (3), F.R.Civ.P., 28 U.S.C.A., or because of the parent-subsidiary relationship between Defendant Mercantile and Co-Defendant Muskogee Jones.

Rule 4(d) (3) states that service on a foreign corporation may be made "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process  *  * " The Plaintiff has not suggested any other Federal Rule or state law to sustain the sufficiency of the service of process herein.

Plaintiff.   The burden of proving required agency in the person served in compliance with Rule 4(d) (3) is on the Plaintiff. Dominguez v. National Airlines, Inc., 42 F.R.D. 35 (S.D.N.Y.1966). The Court has previously granted the Plaintiff's request to postpone disposition of the instant Motions pending completion of discovery procedures. The Court has now reviewed the only discovery made available by the Plaintiff in the form of answers to Plaintiff's Interrogatories (filed April 5, 1967).

Plaintiff has clearly not sustained the burden of showing that Mercantile has no autonomous identity because it is merely a branch of Muskogee Jones and, hence, service on the agent of Muskogee Jones was in effect service on Mercantile. The Plaintiff's failure in this respect is implicit in the view expressed in Cannon Mfg. Co. v. Cudahy Packing Co., 267 U.S. 333, 45 S.Ct. 250, 69 L.Ed. 634 (1925) wherein the Supreme Court held that a parent corporation is not amenable to suit in the federal courts of another state merely because it employs a subsidiary therein, and controls said subsidiary commercially and economically. That fact that Mercantile exercises certain supervisions over employment policies and practices and that there is an interrelationship of certain officers does not render Muskogee Jones the agent of Mercantile or destroy the presumption of a subsidiary with a separate corporate entity. Annotation, 69 L. Ed. 634; Austad v. United States Steel Corp., 141 F.Supp. 437 (N.D.Calif.1956). Also see Zwingle v. Tyson's Foods, Inc., 241 F.Supp. 940 (W.D.Okl.1965).

Evidence is also totally lacking herein that Sam Dawdy, admittedly the store manager of Muskogee Jones, has any legal relationship with Mercantile other than through the parent-subsidiary corporate structure of the stores. The answers to Interrogatories reveal that Dawdy makes all the decisions with re-

spect to the retention and placement of personnel within the general policies outlined by the officers and directors of the Muskogee Jones Store. It is noted that a totally distinct subsidiary of Mercantile, Jones Store Company of Kansas City, Missouri, provides services to Muskogee Jones in connection with advertising, accounting, merchandising, retailing, and personnel policies and practices.

The only case authority specifically referred to by Plaintiff in its brief is First Flight Company v. National Carloading Corporation, Inc., 209 F.Supp. 730 (E.D.Tenn.1962). Therein the Court discusses the principle that the United States is deemed to have personal jurisdiction over any defendant within the United States. However, the Court further notes there has been judicial recognition of the "anomaly" in which federal action has been limited and finally acknowledges (page 738) that there are proper restrictions upon the exercise of personal jurisdiction by the United States. The Court concludes that these restrictions may be validly imposed by the sovereign by statute or rule and cites Rule 4(f) F.R.Civ.P., 28 U.S.C.A. and the venue statutes as examples. In resolving the instant question before this Court it would not be judicious to apply what is patently obiter dictum as a substantive rule binding the parties herein where there is a Federal Rule expressly covering this factual dispute.

Therefore, the Court concludes that the Defendant Mercantile Stores Company, Inc. and Muskogee Jones Store Co., Inc., are separate corporations and legal entities; that the latter is a wholly owned subsidiary of the former; that the former is not domesticated or licensed to do business in the State of Oklahoma and has no registered service agent in Oklahoma; that Sam Dawdy is an employee of the latter company and is not an employee of the former company; that Sam Dawdy is not the registered service agent or an officer of the former company, nor is he a managing or general agent of the former company, by appointment or by law, to receive service of process against it and that the attempt of the Plaintiff to obtain service herein upon the Defendant Mercantile Stores Company, Inc., by serving Sam Dawdy under Rule 4(d) (3) is of no force and effect and should be, and the same is hereby quashed.

It is so ordered.