In re Linda BOYKIN, Debtor.

Linda A. Boykin, Movant,

v.

Marriott International,
Inc., Respondent.

Bankruptcy No. 98–15911–RGM.

United States Bankruptcy Court,
E.D. Virginia,
Alexandria Division.

April 5, 2000.

---

Robert Ross Weed, Alexandria, VA, for debtor.

Gerald M. O'Donnell, Alexandria, VA, trustee.

## MEMORANDUM OPINION

ROBERT G. MAYER, Bankruptcy Judge.

The question presented in this case is whether a corporation is properly served with an objection to its proof of claim by mailing a copy of the objection and notice of the objection to the corporation at the address in the proof of claim.

Linda Boykin filed a voluntary petition in bankruptcy pursuant to chapter 13 of the United States Bankruptcy Code in this court on August 11, 1998. Marriott International, Inc. filed two proofs of claim: claim number 8 on behalf of its subsidiary, Marriott Resorts Hospitality Corporation, as agent for Grande Vista of Orlando Condominium Association, Inc., and claim number 9 on behalf of its subsidiary, Marriott Ownership Resorts, Inc. Both proofs of claim were filed on September 24, 1998. Marriott International, Inc. is identified as the creditor in both proofs of claim. The block entitled "Name and Address Where Notices Should be Sent" is completed as follows:

Barbara Francks, LAS
Marriott International, Inc.
Marriott Drive, Dept. 52/923
Washington, DC 20058

Both proofs of claim are signed by "Noah J. Silverman, Attorney." On January 28, 2000, the debtor filed an objection [1] to the claim of Marriott International, Inc. The certificate of service of counsel states that the objection was mailed to "Barbara R. Francks, Legal Assistant Specialist" at the Washington, D.C. address as well as to the chapter 13 trustee. No response was filed by Marriott International, Inc.

■ F.R.BANKR.P. 3007 states:

An objection to the allowance of a claim shall be in writing and filed. A copy of the objection with notice of the hearing thereon shall be mailed or otherwise delivered to the claimant, the debtor or debtor in possession and the trustee at least 30 days prior to the hearing. If an objection to a claim is joined with a demand for relief of the kind specified in Rule 7001, it becomes an adversary proceeding.

Read in isolation, one might conclude that mailing a copy of the objection and notice of hearing to the creditor is sufficient. However, Rule 3007 cannot be read in isolation. While the Rule addresses objections to claims, almost all courts have held that it does not govern the manner in which objections must be served. *See, e.g., United States v. Levoy (In re Levoy),* 182 B.R. 827, 834 (9th Cir. BAP 1995); *United States v. Filipovits,* 1996 WL 627412, at *2 (D.Md.); *In re Morrell,* 69 B.R. 147, 149–50 (N.D.Cal.1986).

■ Objections to proofs of claims are contested matters governed by F.R.BANKR.P. 9014. The Advisory Committee Note states:

Whenever there is an actual dispute, other than an adversary proceeding, before the bankruptcy court, the litigation

to resolve that dispute is a contested matter. For example, the filing of an objection to a proof of claim ... creates a dispute which is a contested matter.

F.R.BANKR.P. 9014 Advisory Committee's Note. Because an objection to a proof of claim is a contested matter, it is governed by F.R.BANKR.P. 9014. Rule 9014 provides that a contested matter "not otherwise governed by these rules" is commenced by a motion and that the motion "shall be served in the manner provided for service of a summons and complaint by Rule 7004." *United States v. Arthur's Indus. Maintenance, Inc. (In re Arthur's Indus. Maintenance, Inc.),* 1993 WL 79206, at *3–4 (W.D.Va.); *In re Lomas Fin. Corp.,* 212 B.R. 46, 53 (Bankr.D.Del.1997). While Rule 3007 provides that the proper pleading is an objection to a proof of claim, not a motion to disallow a proof of claim, it does not provide for alternative service. Consequently, Rule 7004 is applicable. It sets out the manner in which service of an objection to a proof of claim must be made. *United States v. Seidle (In re F.C.M. Corp.),* 1987 WL 364456, at *3 (S.D.Fla.)

Rule 7004 provides the manner in which service may be effected in a bankruptcy case. It incorporates portions of F.R.CIV.P. 4 and generally follows the modes of service set forth in Rule 4. *United States v. Oxylance Corp.,* 115 B.R. 380, 381 (N.D.Ga.1990). The Bankruptcy Rules also permit service by mail which was attempted in this instance. The applicable provision in this case is Rule 7004(b)(3) which provides for service: [2]

upon a domestic or foreign corporation or upon a partnership or other unincorporated association, by mailing a copy of the summons and complaint to the attention of an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process and, if the

---

1. The objection does not designate which proof of claim is objected to and does not provide sufficient information to distinguish between the two claims.

2. This is not the exclusive method for service of process on a corporation. *See* Rule 7004(b)(8).

agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant.

■ Here the objection and notice of objection were mailed to "Barbara Francks, Legal Assistant Specialist." The record does not reflect a basis for interpreting the initials "LAS" as "legal assistant specialist." But, assuming that they are, a legal assistant specialist is not an officer, a general agent or another agent authorized by appointment or by law to receive process. The provisions of Bankruptcy Rule 7004(b)(3), with respect to service by first class mail on a corporation, permit service on the same officers and agents as under F.R.Civ.P. 4(h). 10 COLLIER ON BANKRUPTCY ¶ 7004.03 (15th ed. rev.1999). Not just any agent may be served. It must be a managing or general agent or an agent specifically appointed for such purpose. *Reisman v. First New York Bank for Bus. (In re Reisman)*, 139 B.R. 797, 800 (Bankr.S.D.N.Y.1992); *Rosa v. C.P.P. Corp. (In re Legend Industries, Inc.)*, 49 B.R. 935, 937 (Bankr.E.D.N.Y. 1985); 10 COLLIER ON BANKRUPTCY ¶ 7004.02[9] (15th ed. rev.2000).

■ A legal assistant specialist in a bankruptcy department does not, without additional proof,[3] rise to the level of a managing or general partner or as agent specifically appointed for purposes of service of process. A legal assistant specialist is a mere corporate employee. Service on a corporate employee is not sufficient. *United States v. Ayer*, 857 F.2d 881, 888 (1st Cir.1988); *Gottlieb v. Sandia Am. Corp.*, 452 F.2d 510, 513–14 (3rd Cir.1971), *cert. denied*, 404 U.S. 938, 92 S.Ct. 274, 30 L.Ed.2d 250 (1971); *Boltes v. Entex*, 158 F.R.D. 110, 111–13 (S.D.Tex.1994); 1 MOORE'S FEDERAL PRACTICE § 4.53[2][c] (3rd ed.1999).

■ Notice in bankruptcy proceedings is different from service of process.[4] Bankruptcy proceedings differ significantly from non-bankruptcy civil litigation. Generally speaking, in non-bankruptcy civil litigation, there is a plaintiff and a defendant, or at least a very small number of plaintiffs and defendants. Each can be identified individually. Each defendant is served with the initial complaint which seeks specific relief against the defendants. Bankruptcy, however, affects numerous parties. Sometimes the number of creditors is relatively modest, but the number can be quite significant. The Federal Rules of Bankruptcy Procedure and the Bankruptcy Code were designed to satisfy the due process requirement of adequate notice to parties whose interests may be affected. The Bankruptcy Rules recognize that there are many aspects to and actions that may be taken in bankruptcy cases which affect the general administration of the case and all creditors generally, but none specifically. Generally, these matters require notice. These include notice of filing of a bankruptcy case, notice of bar dates to file proofs of claim, notice of hearings on approval of disclosure statements, notice of proposed use, sale or lease of property, notice of approval of compromises or settlements, and notice of time for objections to chapter 11, 12 and 13 plans. Actions that require notice are generally governed by F.R.BANKR.P. 2002.[5]

Notices under Rule 2002 are mailed to creditors at the address designated by the creditor in a request filed with the court, or, if no request has been filed, to the address shown on the list of creditors or the schedules, whichever is filed later. In an asset case, the appropriate address is the address stated in the proof of claim.

---

3. The plaintiff bears the burden of proving that a position is that of "managing or general agent." *Gottlieb v. Sandia Am. Corp.*, 452 F.2d 510, 513–14 (3rd Cir.1971), *cert. denied*, 404 U.S. 938, 92 S.Ct. 274, 30 L.Ed.2d 250 (1971).

4. Confusion between the two is compounded because both can sometimes be accomplished in the same manner.

5. Other rules, such as F.R.BANKR.P. 4001, provide additional requirements in particular circumstances.

F.R.BANKR.P. 2002(g). When the rights of specific parties involved in a bankruptcy case become an issue, for example, an objection to a proof of claim or the sale or use of property free and clear of a creditor's liens, service of the initiating motion or objection on the affected party is required. In this case, the debtor gave good *notice* to Marriott at the address listed on the proof of claim as required by Rule 2002, but did not *serve* the objection as required by Rules 9014 and 7004.

An example of the interplay between notice and service is illustrated by the claims allowance process. *See In re Larry Merritt Co.*, 166 B.R. 875 (Bankr. E.D.Tenn.1993). Pursuant to Rule 2002(a)(7), notice is given to all creditors of the date by which proofs of claim must be filed. *In re Interstate Cigar Co.*, 150 B.R. 305, 309 (Bankr.E.D.N.Y.1993). This is a general notice governed by Rule 2002. If the trustee objects to a proof of claim, the objection is a contested matter under Rule 9014 and must be served on the particular creditor pursuant to Rule 7004. Notice of the objection under Rule 2002 is not sufficient. If the trustee's objection is resolved by a compromise, a general notice to all creditors of the proposed compromise is required pursuant to Rule 2002(a)(3). F.R.BANKR.P. 9019(a). An objection to the settlement is a contested matter.

In the case at issue, the requested relief cannot be granted at this time because the objection was not properly served.