**In re ASSOCIATION OF VOLLEY-BALL PROFESSIONALS, Debtor.**

**In re AVP Properties, Inc., Debtor.**

**In re AVP, Debtor.**

**Bankruptcy Nos. LA 98–56632–SB, LA 98–56789–SB, LA 98–56794–SB.**

United States Bankruptcy Court, C.D. California.

Oct. 6, 2000.

Ron Bender, Levene, Neale, Bender & Rankin, L.L.P., Los Angeles, CA, for debtor.

## Amended Opinion on Service of Claim Objection

SAMUEL L. BUFFORD, Bankruptcy Judge.

### I. INTRODUCTION

This claim objection raises the issue of whether AVP,[1] the debtor in these substantively consolidated chapter 11 cases,[2] has adequately served notice of its objection on creditor Sandsite Merchandising Group [hereinafter SMG]. AVP served the objection by mailing it to SMG at its last known address, as stated in its proof of claim. However, AVP has not served SMG by any method of service that complies with the requirements of Rule 7004. The court finds that the objection cannot be sustained until the requirements of Rule 7004 are met.

### II. FACTS

SMG filed a $5816.20 priority claim for the unpaid half of the purchase price for 576 fixed waist boardshorts plus interest. AVP made this purchase on April 22, 1997 at a unit price of $16.90 and paid half of the purchase price in advance. SMG's proof of claim states that it is entitled to priority on the following grounds: "small business, minority owned female." AVP concedes the legitimacy of SMG's claim, but contends that it is allowable only as a general unsecured claim without priority.

The signature on the proof of claim is hardly legible. However, the proof of claim includes two memos from Dina de Meo, which is consistent with the signature. The court concludes that she signed the claim on behalf of SMG.

AVP addressed the claim objection to the address given in SMG's proof of claim as follows:

Sandsite Merchandising Group

2217 Vista Drive

Manhattan Beach, CA 90266

AVP did not address the objection to the attention of Ms. de Meo or to any other individual at SMG. Accordingly, the court continued the hearing to permit AVP to accomplish service of the claim objection in compliance with Rule 7004.

For the continued hearing AVP filed a declaration by one of its lawyers, which stated that he had called the telephone number listed on SMG's proof of claim and was informed that he had called the wrong number. The next day he called the same number, asked for Ms. de Meo, and was informed that she no longer lived at that number and that she had left no forwarding number. Thereafter, AVP searched the corporate records of each of the fifty states, but did not find a listing for SMG. Similarly, AVP searched through the "dba" records of each of the fifty states with the same results. Based on this record, AVP asks this court to find that the mailing of the objection to nobody in particular (not even Ms. de Meo) is sufficient service of the objection on SMG.

---

1. Three debtors, AVP, AVP Properties, Inc. and Association of Volleyball Professionals filed separate chapter 11 cases. On prior order of the court, these cases have been substantively consolidated.

2. Unless otherwise indicated, all chapter, section and rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1330 (West 2000) and to the Federal Rules of Bankruptcy Procedure, Rules 1001–9036.

## III. Discussion

■ Plaintiff has not shown the legal status of SMG. The court assumes without deciding that it is a corporation. Plaintiff has the burden of showing that service of a claim objection is appropriate for the status of the defendant. *See Gottlieb v. Sandia Am. Corp.*, 452 F.2d 510, 513–14 (3d Cir.1971).

### A. Proof of Claim

A proof of claim is a written statement setting forth the creditor's claim against a bankruptcy estate. *See* Rule 3001(a). A proof of claim is required to conform substantially to Official Form 10. *See id.* A proof of claim executed and filed in accordance with the bankruptcy rules constitutes prima facie evidence of the validity and amount of the claim. *See* Rule 3001(f).

■ By filing a proof of claim, the creditor submits itself to the equitable jurisdiction of the bankruptcy court. *See, e.g., Langenkamp v. Culp*, 498 U.S. 42, 44–45, 111 S.Ct. 330, 331–32, 112 L.Ed.2d 343 (1990). Thus a proof of claim confers on the bankruptcy court both personal jurisdiction over the claimant and subject matter jurisdiction over the claim. *See, e.g., Tucker Plastics, Inc. v. Pay 'N Pak Stores, Inc. (In re PNP Holdings Corp.)*, 99 F.3d 910, 911 (9th Cir.1996).

### B. Claim Objection

■ A claim objection initiates a contested matter that is governed by Rule

9014.[3] *United States v. Levoy (In re Levoy)*, 182 B.R. 827, 834 (9th Cir. BAP 1995). Rule 9014, in turn, requires that, as a contested matter, a claim objection be served pursuant to the requirements of Rule 7004. *See id.; Boykin v. Marriott Int'l, Inc. (In re Boykin)*, 246 B.R. 825, 827 (Bankr.E.D.Va.2000); *In re Morrell*, 69 B.R. 147, 149–50 (N.D.Cal.1986).

■ There is no particular time frame in which an objection to claim must be filed. *See First Union Commercial Corp. v. Nelson, Mullins, Riley & Scarborough (In re Varat Enter.)*, 81 F.3d 1310, 1318 (4th Cir.1996). However, a chapter 11 plan disposes of any issue respecting the validity of a claim, except for claims specifically identified in the plan. *See id.; Heritage Hotel Ltd. Partnership I v. Valley Bank (In re Heritage Hotel Partnership I)*, 160 B.R. 374, 378 (9th Cir. BAP 1993). Thus a claim objection may not be made after the confirmation of a chapter 11 plan unless the plan provides otherwise with respect to that particular claim.[4] *Varat Enter.*, 81 F.3d at 1318.

### C. Service of Claim Objection

■ The analysis of the procedure for making a claim objection begins with Rule 3007.[5] This rule provides that an objection shall be in writing and filed with the bankruptcy court, and a copy of the objection with notice of a hearing "shall be mailed or otherwise delivered" to the claimant at least 30 days prior to the hearing. The

---

**3.** Rule 9014 in pertinent part states:

In a contested matter in a case under the Code not otherwise governed by these rules, relief shall be requested by motion, and reasonable notice and opportunity for hearing shall be afforded the party against whom relief is sought.... The motion shall be served in the manner provided for service of a summons and complaint by Rule 7004.

**4.** Initially, the confirmed plan in this case did not reserve jurisdiction for the court to consider such claims objections. Because substantial consummation of the plan had not yet occurred, *see* 11 U.S.C. § 1127(b) (West

2000), the debtor modified the plan without opposition to permit its claims objections to be brought.

**5.** Rule 3007 states:

An objection to the allowance of a claim shall be in writing and filed. A copy of the objection with notice of the hearing thereon shall be mailed or otherwise delivered to the claimant, the debtor or debtor in possession and the trustee at least 30 days prior to the hearing. If an objection to a claim is joined with a demand for relief of the kind specified in Rule 7001, it becomes an adversary proceeding.

rule further provides that, if an objection to a claim is joined with a demand for relief of the kind specified in Rule 7001, it becomes an adversary proceeding governed by Rules 7001–7087.

Rule 7004 provides for service of process and other papers in bankruptcy cases. In part it incorporates Rule 4 of the Federal Rules of Civil Procedure, and in part it provides separate rules for service in bankruptcy cases. Unlike Rule 4, Rule 7004 permits service by mail, which AVP attempted in this case.

Rule 7004 provides three alternative procedures for serving process on a corporation. An objection to claim must be served on SMG by one of these procedures.

### 1. Service Pursuant to Rule 7004(b)

The principal provision for service of process on a corporation is Rule 7004(b)(3).[6] This rule specifies that service upon a domestic or foreign corporation is accomplished by (1) mailing a copy of the summons and complaint (or, in this case, the claim objection) to the attention of an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process, and (2) if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant.

■■■ It is not just any agent who qualifies as a recipient of service on behalf of a corporation. Rule 7004(b)(3) specifies that the agent must be a managing or general agent or an agent specifically designated for such purpose by appointment or by law. *See Reisman v. First New York Bank for Bus. (In re Reisman)*, 139 B.R. 797, 800 (Bankr.S.D.N.Y.1992); *Rosa v. C.P.P. Corp. (In re Legend Indus.)*, 49 B.R. 935, 937 (Bankr.E.D.N.Y.1985); 10 COLLIER ON BANKRUPTCY § 7004.02[9] (15th ed. rev.2000). Service on any other corporate employee is not sufficient. *See Gott-*

*lieb v. Sandia Am. Corp.*, 452 F.2d 510, 513–14 (3d Cir.1971); 1 MOORE'S FEDERAL PRACTICE ¶ 4.53[2][c] (3d ed.1999). Most notably, service not directed to the attention of anybody in particular is not sufficient. The plaintiff bears the burden of proving that the service recipient is a qualified recipient of service. *Gottlieb*, 452 F.2d at 513–14.

■■■ There is an important reason for limiting the scope of individuals who qualify as recipients of service of process on behalf of a corporation. An individual who receives service of process on behalf of a corporation must be someone who, by inclination and training or statutory duty, will assure that the papers are passed on to a responsible authority in the corporation who has the responsibility to cause the corporation to respond appropriately:

> The rationale of all rules for service of process on corporations is that service must be made on a representative so integrated with the corporation sued as to make it a priori supposable that he will realize his responsibilities and know what he should do with any legal papers served on him.

*Goetz v. Interlake S.S. Co.*, 47 F.2d 753, 757 (S.D.N.Y.1931).

Because service of the claim objection was not made on an officer or qualifying agent of SMG, the court finds that AVP has not accomplished service of the objection pursuant to Rule 7004(b). AVP has shown that it cannot serve SMG under this rule, because it cannot find an officer or qualifying agent. Thus service must be accomplished by a different method.

### 2. Service Pursuant to Rule 7004(a) and Rule 4

The second method for service under Rule 7004 is provided in subsection (a), which incorporates by reference subparagraphs (e)-(j) (inter alia) of Rule 4 of the Federal Rules of Civil Procedure. Thus

---

**6.** Rule 7004(b)(8) may also be relevant. However, it appears that it adds nothing to the provisions of subparagraph (b)(3), with respect to service on a corporation.

AVP could use these provisions to serve its claim objection on SMG.

### a. Rule 4

Rule 4 of the Federal Rules of Civil Procedure provides for the service and filing of a summons and complaint in federal district court. Subparagraphs (e)-(j) provide the rules for service upon a party who does not voluntarily appear and defend.

For a domestic corporation, Rule 4(h) provides two alternatives for the service of process on a corporation.[7] First, Rule 4(h) authorizes service in the same manner as Rule 7004(b)(3), discussed *supra*, except that such service must be by personal delivery, rather than by mail.

Second, Rule 4(h)(1) permits the service of process on a domestic corporation in the same manner as service is accomplished on an individual pursuant to subparagraph (e)(1). Rule 4(e)(1) authorizes service on an individual pursuant to the law of the state in which the district court is located or in which service is effected.

■ Notably, Rule 4 has no direct provision for service of process by publication. Thus Rule 4 authorizes service on a corporation by publication only insofar as it is provided for by state law in the appropriate state. In consequence, we must turn to California law to see whether Rules 4 and 7004 authorize service of the claim objection here at issue by publication.

### b. California Law on Service of Process

### i. Service on Corporate Agent

The California law for service of process on a corporation is provided in California Code of Civil Procedure [hereinafter CCP] § 416.10, which provides in relevant part:

A summons may be served on a corporation by delivering a copy of the summons and of the complaint:

(a) to the person designated as agent for service of process . . .

(b) to the president or other head of the corporation, a vice president, a secretary or assistant secretary, a treasurer or assistant treasurer, a general manager, or a person authorized by the corporation to receive service of process. . . .

CCP § 416.10 (West 2000). This provision is similar to (but not identical with) Rule 7004(b)(3), again with the proviso that it requires personal service rather than permitting service by mail. This provision is also unavailing to AVP in this case because of its inability to find a person qualified to receive the claim objection on behalf of SMG.

### ii. Service by Publication

The inability to find an officer or agent on whom to serve process on behalf of a corporation is a well-known problem with a traditional solution. Sending the objection to nobody in particular at the last known address of the corporation is not the recognized solution. Service by publication is the traditional method for service when a party cannot be served by other means.

California law provides for service of process by publication. CCP § 415.50(a) authorizes such service in the following circumstances:

A summons may be served by publication if upon affidavit it appears to the satisfaction of the court . . . that the party to be served cannot with reasonable diligence be served in another manner specified in this article and that:

. . .

(2) The party to be served has or claims an interest in real or personal property in this state that is subject to the jurisdiction of the court or the relief demanded in the action consists wholly or in

---

7. Rule 4(h) has a restriction on the method of service on a foreign corporation that has no counterpart in Rule 7004(b)(3).

part in excluding the party from any interest in the property.

CCP § 415.50(a)(West 2000).

By filing its claim in this case as a priority claim, SMG has claimed an interest in property of the reorganized debtor in this case that is subject to the jurisdiction of this court. In addition, AVP has adequately shown that SMG cannot with reasonable diligence be served in another manner provided in Article 3 of Chapter 4 of the CCP [CCP §§ 415.10–415.47].[8]

CCP §§ 415.50(b)-(c) provide for the manner of service by publication:

(b) The court shall order the summons to be published in a named newspaper, published in this state, that is most likely to give actual notice to the party to be served and direct that a copy of the summons, the complaint, and the order for publication be forthwith mailed to the party if his or her address is ascertained before expiration of the time prescribed for publication of the summons. Except as otherwise provided by statute, the publication shall be made as provided by Section 6064 of the Government Code unless the court, in its discretion, orders publication for a longer period. (c) Service of a summons in this manner is deemed complete as provided in Section 6064 of the Government Code.

CCP § 415.50 (West 2000). California Government Code § 6064 in turn provides:

Publication of notice pursuant to this section shall be once a week for four consecutive weeks. Four publications in a newspaper regularly published once a week or oftener, with at least five days intervening between the respective publication dates not counting such publication dates, are sufficient. The period of notice commences with the first day of publication and terminates at the end of the twenty-eighth day . . . .

CAL. GOV'T CODE § 6064 (West 2000).

The court finds that AVP can effect service of the claim objection on SMG by publication pursuant to § 415.50. Such service is provided for by Rule 4(h)(1) of the Federal Rules of Civil Procedure, through its incorporation by reference of the California law on service by publication.

### 3. Service by Publication Under Rule 7004(c)

Unlike Rule 4 of the Federal Rules of Civil Procedure, Rule 7004 has its own provision on service of process by publication. Rule 7004(c) permits service by publication if (1) the proceeding is to determine or to protect rights in property in the custody of the court, and (2) the party cannot be served pursuant to Rule 4(e)-(j) of the Federal Rules of Civil Procedure.

An objection to a creditor's claim is a proceeding to determine the rights of the creditor to its proportionate share of the assets of the debtor's estate. These assets are property in the custody of the court. *See Gardner v. New Jersey,* 329 U.S. 565, 572–73, 67 S.Ct. 467, 91 L.Ed. 504 (1947). Thus AVP satisfies the first requirement of Rule 7004(c).

However, the second condition for invoking Rule 7004(c) is not met in this case. Because AVP can serve SMG by publication under Rule 4(e) and (h) and the California law incorporated therein by reference, publication under Rule 7004(c) is not an available method of service for its claim objection.

### D. Contrast of Service and Notice

Notice in bankruptcy cases is different from service of process. Confusion between the two is compounded because both can sometimes be accomplished in the same manner. Bankruptcy proceedings often differ significantly from non-bankruptcy civil litigation. Many actions may occur in a bankruptcy case that may affect all creditors generally, but none specifically. Such matters include notice of filing of a bankruptcy case, notice of bar dates to

---

**8.** CCP §§ 415.10–415.47 provide for personal service, service by leaving the summons and complaint at the home or office of the person being served, and service by mail.

file proofs of claim, notice of hearings on approval of disclosure statements, notice of proposed use, sale or lease of property, notice of approval of compromises or settlements, and notice of deadlines for filing objections to chapter 11, 12 and 13 plans. These matters require notice to creditors, which is generally governed by Rule 2002.[9]

 Notices under Rule 2002 are mailed to creditors at the address designated by the creditor in a request filed with the court or, if no request has been filed, to the address shown on the list of creditors or the schedules, whichever is filed later. In an asset case, the appropriate address is the address stated in the proof of claim. *See* Rule 2002(g). The notice requirements in bankruptcy are designed to satisfy the due process requirement of adequate notice to parties whose interests may be affected in such proceedings. *See generally Boykin*, 246 B.R. at 828–29.

In contrast, when a bankruptcy proceeding, such as an objection to a proof of claim or the sale or use of property free and clear of a creditor's liens, directly affects the individual rights of a specific party, the initiating motion or objection must be served on the affected party in the same manner as a summons and complaint are served pursuant to Rule 7004. *Boykin*, 246 B.R. at 829.

The interplay between notice and service is illustrated by the claims allowance process. Pursuant to Rule 2002(a)(7), notice is given to all creditors of the deadline for filing claims. If the trustee objects to a claim, the objection is a contested matter under Rule 9014 and must be served on the particular creditor pursuant to Rule 7004: notice of the objection under Rule 2002 is not sufficient. If the trustee's objection is resolved by a compromise, Rule 9019(a) requires a general notice pursuant to Rule 2002(a)(3) to all creditors of

the proposed compromise. An objection to the settlement is a contested matter that again requires service pursuant to Rule 7004.

## IV. Conclusion

In consequence, AVP must serve its objection to SMG's claim by publication of the objection in the California newspaper most likely to give actual notice to SMG. The court finds that the newspaper most likely to give actual notice is The Los Angeles Times. Accordingly, the court directs AVP to publish its notice in that newspaper, in compliance with California Government Code § 6064. In addition, if AVP discovers a qualified recipient for the service of process on SMG before the time has expired for the publication, AVP must mail a copy of the objection to that person.

---

9. Other rules, such as Rule 4001, provide additional requirements in particular circum-       stances.