**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 22-1187, 22-1222 & 22-1303
_____

YAIR ISREAL BABAYOFF,

Appellant

v.

HAZLET MANOR ASSOCIATES; HAZLET GARDEN GROUP LLC;
EXCELSIOR CARE GROUP
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 3:21-cv-11571)
District Judge:  Honorable Freda L. Wolfson

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 20, 2022
Before:  AMBRO*, KRAUSE, and SCIRICA, <u>Circuit Judges</u>

(Opinion filed: February 8, 2023)
_____

OPINION*
_____

**PER CURIAM**

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.
* Judge Ambro assumed senior status on February 6, 2023.

Yair Israel Babayoff, proceeding pro se, appeals from various orders of the District Court. We will affirm the judgment of the District Court.

In September 2020, Babayoff filed a complaint in the Superior Court of New Jersey, Monmouth County, against Hazlet Manor Associates ("Hazlet Manor"), Hazlet Garden Group, LLC ("Hazlet Garden"), and Excelsior Care Group ("Excelsior"), alleging employment-related claims pursuant to the New Jersey Wage and Hour Law and the Fair Labor Standards Act. In May 2021, Defendants Hazlet Garden and Excelsior removed the action to the District Court for the District of New Jersey. Dkt No. 1.[2]

Hazlet Garden and Excelsior ("Defendants") thereafter filed a motion to dismiss for failure to effectuate proper service. Dkt No. 2. Babayoff contacted the Court to request that he be permitted to question a witness[3] and extend the time for him to respond to Defendants' motion. On June 24, 2021, the District Court denied his request. Dkt No. 8. Babayoff thereafter requested that the Court order Franklin Rooks, Esq., to represent him, which the Court denied on June 29, 2021. Dkt No. 9.

On December 3, 2021, the District Court entered an order granting Defendants Hazlet Garden's and Excelsior's unopposed[4] motion to dismiss without prejudice for

_____

[2] It appears that Hazlet Manor has not been served in this action and therefore is not a party to this appeal.

[3] In his request, Babayoff indicated his desire to question Chaim Ribiat regarding service of the Complaint. In their motion to dismiss, Defendants included a certification from Chaim Ribiat, which stated that he had never been served with the Summons and Complaint. See Dkt No. 2-1.

[4] The District Court extended the time for Babayoff to oppose the Defendants' motion three times. See Dkt Nos. 8, 9, 11. Babayoff failed to properly file an opposition

insufficient service of process under Fed. R. Civ. P. 12(b)(5). Dkt No. 12. Babayoff sent two letters to the Court, which were construed together as a motion for reconsideration and a motion for recusal. Dkt Nos. 14 & 16. The Court denied Babayoff's request for recusal on December 20, 2021. Dkt No. 17.

Defendants opposed Babayoff's motion for reconsideration. Babayoff responded by requesting that the Court provide him additional time to reply to the Defendants' response. On January 28, 2022, the District Court denied Babayoff's request, noting that Babayoff was previously granted an extension. Dkt No. 22. On January 31, 2022, Babayoff filed a notice of appeal, Dkt No. 23, which opened C.A. No. 22-1187. On February 3, 2022, Babayoff filed a second notice of appeal, Dkt No. 28, which opened C.A. No. 22-1222. On February 16, 2022, the District Court denied Babayoff's motion for reconsideration and ordered the case to be closed. Dkt No. 31. On February 17, 2022, Babayoff filed a third notice of appeal, Dkt No. 35, which opened C.A. No. 22-1303.

I.

We have jurisdiction pursuant to 28 U.S.C. § 1291.[5] We exercise plenary review over Rule 12(b)(5) dismissals, see Umbenhauer v. Woog, 969 F.2d 25, 28 (3d Cir. 1992),

_____

brief.

[5] Babayoff's appeal at C.A. No. 22-1222 is dismissed for lack of jurisdiction. See Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela, 24 F.4th 242, 254 (3d Cir. 2022). This Court has jurisdiction to consider the challenged order via the Babayoff's appeal at C.A. No. 22-1303. See Koppers Co., Inc. v. Aetna Cas. and Sur. Co., 158 F.3d 170, 173 n.2 (3d Cir. 1998). Notably, however, because Babayoff has not addressed the District Court's January 26, 2022 order in his opening brief, it is forfeited on appeal. See

3

and apply a clear error standard to any findings of fact, see Albra v. Advan, Inc., 490 F.3d 826, 829 (11th Cir. 2007). We review the denial of Babayoff's motions for abuse of discretion. See Lazaridis v. Wehmer, 591 F.3d 666, 669 (3d Cir. 2010) (per curiam) (motion for reconsideration); Azubuko v. Royal, 443 F.3d 302, 303 (3d Cir. 2006) (per curiam) (motion for recusal); Drippe v. Tobelinski, 604 F.3d 778, 783 (3d Cir. 2010) (motion for extension of time).[6]

## II.

We begin with our review of the District Court's December 3, 2021 dismissal order, Dkt No. 12, which granted the Defendants' motion to dismiss under Federal Rule of Civil Procedure 12(b)(5), and conclude that the District Court did not err in dismissing the action for insufficient service of process.

As the District Court noted, a signed return of service generally creates a rebuttable presumption that service was validly performed. Gottlieb v. Sandia Am. Corp., 452 F.2d 510, 514 n.5 (3d Cir. 1971); Blair v. City of Worcester, 522 F.3d 105, 111 (1st Cir. 2008).[7] A party may refute the presumption of valid service with sufficient

---

M.S. by & through Hall v. Susquehanna Twp. Sch. Dist., 969 F.3d 120, 124 n.2 (3d Cir. 2020).

[6] In his opening brief, Babayoff indicated his intent to appeal the following six orders: (1) the District Court's June 24, 2021 Order, Dkt No. 8; (2) the District Court's June 29, 2021 Order, Dkt No. 9; (3) the District Court's December 3, 2021 Order, Dkt No. 12; (4) the District Court's December 20, 2021 Order, Dkt No. 17; (5) the District Court's January 28, 2022 Order, Dkt No. 22; and (6) the District Court's February 16, 2022 Order, Dkt No. 31.

[7] See also Gant v. Advanced Electrical, Inc., No. 16-1954, 2017 WL 3638762, at *3 (D.N.J. Aug. 23, 2017); Hillside Golf, Inc. v. Gino Inn, Inc., 2010 WL 4056552, at *5

4

evidence that service was not proper. Blair, 522 F.3d at 111–12; see also 4B Charles Alan Wright & Arthur R. Miller Federal Practice and Procedure § 1130 (3d ed.) ("Although the return of service of the summons and the complaint is strong evidence of the facts stated therein, it is not conclusive and may be controverted upon a showing that the return is inaccurate."). In such a case, the district court acts as a factfinder to resolve the issue. See, e.g., Burda Media, Inc. v. Viertel, 417 F.3d 292, 302 (2nd Cir. 2005). Ultimately, however, "[t]he party asserting the validity of service bears the burden of proof on that issue." Grand Entm't Group v. Star Media Sales, 988 F.2d 476, 488 (3d Cir. 1993).

Here, Babayoff submitted two affidavits of service; one for an individual identified as David Gross (allegedly associated with Hazlet Manor) and one for an individual identified as Chaim Ribiat (associated with Appellees), Dkt No. 1-3, at 24–25, which created a presumption of valid service. Defendants, however, effectively rebutted this presumption. First, Ribiat, certified that he was never served with the Summons and Complaint. Dkt No. 2-1, at 5. Second, as correctly described by the District Court, the affidavits of service were facially implausible. Specifically, the affidavits indicated that both individuals were personally served, by the same person, in two different parts of the state at the *exact same time* and that both individuals have the *exact same characteristics*.[8] While a party's mere denial is generally insufficient to rebut the

---

(N.J. Super. Ct. App. Div. July 22, 2010).

[8] The affidavits of service submitted by Babayoff provide the following description of the person accepting service for *both* affidavits: "Sex: M Age: 36 Height: 5"6 [sic] Weight: 185 Skin Color: W Hair Color DKR BRN." Dkt No. 1-3, at 24 & 25.

presumption of proper service, we conclude that the District Court did not abuse its discretion in finding that the obvious implausibility of the affidavits of service, together with Ribiat's certified denial, is sufficient to demonstrate the lack of service. We so hold, especially in light of Babayoff's failure to properly oppose the Defendants' motion. See Blair, 522 F.3d at 112 (stating that, when a defendant effectively rebuts the presumption of proper service, "the ultimate burden of proving proper service return[s] to the plaintiffs").

## III.

Babayoff appeals the District Court's denials of his requests for extensions of time. Specifically, he appeals the denial of his request for additional time to oppose Defendants' motion to dismiss, Dkt No. 8, and the denial of his request for an extension of time to file a reply brief in support of his motion for reconsideration of the Court's dismissal order, Dkt No. 22.

Regarding the extension to respond to Defendants' motion to dismiss, we conclude that the Court did not abuse its discretion in denying Babayoff's request. Notably, in denying Babayoff's request to question Ribiat, the Court did in fact extend the time for Babayoff to file an opposition and specifically noted that the question of an evidentiary hearing would be considered after briefing was completed. Dkt No. 8. Moreover, the

---

Both affidavits additionally state that the complaint was served at 4:00 p.m. on February 10, 2021, in two different locations. Id.

Court subsequently extended the deadline for Babayoff to oppose Defendants' motion two additional times. See Dkt Nos. 9 & 11.[9]

We similarly find no abuse of discretion in the District Court's decision to deny Babayoff's request for an extension of time to file his reply brief to his motion for reconsideration. While the Court denied Babayoff's January 27, 2022 request for an extension of time, the Court had granted his prior request, per its order dated January 26, 2022. Thus, we find no abuse of discretion is denying an additional extension here.

We will therefore affirm the District Court's denial of Babayoff's requests for extensions of time.

IV.

Babayoff also appeals the District Court's June 29, 2021 denial of his request for appointment of counsel. Dkt No. 9. While Babayoff's request is far from the model of clarity, he appears to have requested that the Court appoint an individual named Franklin Rooks, Esq., to represent him. While Babayoff claims that Mr. Rooks was his counsel, Mr. Rooks never entered his appearance in this case, nor did he file the complaint in state court; rather, Babayoff filed the complaint pro se. We find that the District Court did not abuse its discretion in denying Babayoff's request.[10]

---

[9] To the extent Babayoff appeals the District Court's denial of his request to question Ribiat prior to his filing an opposition to the Defendants' motion to dismiss, we conclude that the District Court did not abuse its discretion in denying this discovery request. Notably, the District Court indicated that the question of whether the Court would schedule an evidentiary hearing would be considered after briefing on the motion to dismiss was completed. Dkt No. at 8.

[10] Notably, at the time of Babayoff's request, he had not filed an *in forma pauperis* application in this case. See 28 U.S.C. § 1915(e).

## V.

Babayoff additionally appeals the District Court's December 20, 2021 denial of his motion for recusal. Dkt No. 17. We have reviewed the District Court's analysis of his motion and we agree that the motion is meritless. See In re Kensington Int'l Ltd., 353 F.3d 211, 220 (3d Cir. 2003) (recusal is warranted when a judge's impartiality might reasonably be questioned). Babayoff states that the presiding judge should be recused based on a "relationship" with defense counsel and "bias towards the plaintiff." Dkt No. 16, at 1–2. Babayoff's complaints, rather, are based on ordinary judicial decision-making and we have repeatedly held that mere dissatisfaction with rulings does not warrant recusal. See Securacomm Consulting, Inc. v. Securacom Inc., 224 F.3d 273, 278 (3d Cir. 2000). Additionally, upon review of the record, we cannot say that a reasonable person would conclude the District Judge's impartiality could reasonably be questioned. See In re Kensington Int'l Ltd., 368 F.3d 289, 301 (3d Cir. 2004).

## VI.

Finally, Babayoff appeals the District Court's February 16, 2022 denial of his motion for reconsideration. Dkt No. 31. A motion for reconsideration may be used "to correct manifest errors of law or fact or present newly discovered evidence." Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (quotation marks omitted). We agree with the District Court that Babayoff failed to present any errors or law or fact, or introduce newly discovered evidence or precedent. Babayoff, rather, improperly attempted to relitigate issues that the District Court had already considered. See Blystone v. Horn, 664 F.3d 397, 415 (3d Cir. 2011).

VII.

For the foregoing reasons, we will affirm the decision of the District Court.

Appellees' motion to dismiss for failure to file the required appendix is denied.